JOSEPH MATHEWS v. BENJAMIN D. SYLVESTER, ET AL.

1. **Damages for Breach of Covenant of Warranty Cannot be Recovered Without Showing Eviction or Disturbance of Title Equivalent Thereto.**

   An action for damages for breach of covenants of warranty contained in deeds under which one claims title to land cannot be mainrained against the predecessors in title of the immediate grantor, unless the plaintiff shows actual eviction or paramount title so asserted that he must yield to it, or go out.

2. **Rules of Property Should be Changed by the Legislature Rather Than the Courts.**

   Rules of property which through many decisions have become fixed and known cannot be changed by the courts without impairing rights acquired under them. When new conditions require a modification of such rules of property, the legislature can make new rules which will have no retroactive effect.

   [Syllabus by the court.]

ERROR to common pleas court.

*F. A. Beecher* and *E. E. Brooks,* for plaintiff in error.

*Tanney & Barber, W. J. Wilson* and *Morgan & Litzler,* for defendants in error.

1  O.C.C. Vol: 34

## WINCH, J.

Plaintiff brought his action to recover for breach of covenants of warranty ·contained in deeds under which he claims title to certain premises in the township of Middleburg, Cuyahoga county, Ohio. He did not sue his immediate grantor, but directed his action against the predecessors in title of his grantor.

The amended petition sets forth the several conveyances in the chain of title, going back to the heirs of one John Philip Guiger, who died seized of said premises, and shows that a one-fourth interest in the land inherited by certain grandchildren of said Guiger had never been conveyed by them, although the subsequent grantees of the premises had conveyed the entire title with covenants of warranty.

It is further alleged that upon delivery of deed to him, plaintiff entered into· possession of the premises, and it appears that he remained in possession thereof until he later sold them.

Plaintiff alleges that the defect in his title being shown by an abstract, which he ordered when he desired to sell his property, he was compelled at great trouble and expense to procure the release and quitclaim of· the grandchildren of Guiger, owners of said one-fourth interest in his farm, and the estate of said Guiger being imperfectly settled up because his executor failed to give notice of his appointment as such, he had to cure that defect at considerable expense; he further says that by ·reason of these troubles with his title he had to and did sell the premises for $3,050, though they cost him $3,600. The difference of $550 he claims as damages resulting from the failure of the defendants to warrant his title as they had covenanted to do. He also claims $225 for abstract and attorney fees incurred in perfecting his title.

No eviction from the premises is pleaded. It is true that there is an allegation "that said defendants had not a good and sufficient title to said tract of land, and by reason thereof the said plaintiff was ousted and dispossessed of the same," but this is argumentative and does not intend an actual eviction.

Mathews v. Sylvester.

The issues being made up, the case came on to be heard before a jury, when the defendants objected to the admission of any evidence under the petition, and the plaintiff asking leave to withdraw a juror and amend his petition, his counsel, upon inquiry by the court, stated that he could not truthfully plead any facts to show that he had been disturbed in his possession of the premises described in the petition by anybody, and that nobody had ever made any claim to the premises adverse to his interest therein. In his opening statement to the jury, plaintiff's counsel had stated that on discovering the defects in his title, he had asked the Guiger heirs who owned the outstanding interest in his property to give him quitclaim deeds thereof, and they had all voluntarily given him such deeds.

Thereupon the trial judge overruled plaintiff's application for leave to amend his petition, and directed the jury to return a verdict for the defendants, which was done.

·The errors complained of in this court require an inquiry into the nature of the action for breach of covenant of warranty.

The rule is laid down in *King* v. *Kerr*, 5 Ohio 155 [22 Am. Dec. 777], that a covenant of warranty "is not broken until the grantee, his heir or assignee, is evicted from or disturbed in the enjoyment of the premises, or a part of them, by the setting up of a superior or paramount title" and is sustained by *Bricker* v. *Bricker*, 11 Ohio St. 240; *Hill* v. *Butler*, 6 Ohio St. 207; *Picket* v. *Picket*, 6 Ohio St. 525; *Johnson* v. *Nyce*, 17 Ohio 66 [49 Am. Dec. 444]; *Gest* v. *Kenner*, 12 Dec. Re. 343 (2 Han. 87); *Foote* v. *Burnet*, 10 Ohio 317 [36 Am. Dec. 90]; *Tuite* v. *Miller*, 10 Ohio 382; *Innes* v. *Agnew*, 1 Ohio 386; *Day* v. *Brown*, 2 Ohio 345; *Stow* v. *Gilbert*, 4 Dec. Re. 252 (1 Clev. L. Rep. 172). Judge Shauck in *Peoples' Sav. Bank Co.* v. *Parisette*, 68 Ohio St. 450 [67 N. E. Rep. 896; 96 Am. St. Rep. 672], after quoting the above adds "to which may be added the qualification that the covenant may be broken by any disturbance of possession which is equivalent to an eviction."

In the case of *Lane* v. *Fury*, 31 Ohio St. 574, 578, Judge Okey, who wrote the opinion, appears to admit that the court was going somewhat further in sustaining such actions than it had found it necessary to go theretofore, but all that is said

Cuyahoga County Circuit.

in the case is: "If the paramount title is so asserted that the grantee must yield to it or go out, he may purchase of the true owner, and this is an eviction which will constitute a breach of such covenant. Nor is it necessary that the paramount title be actually established by judgment or decree. What the law requires is that it be distinctly recognized."

In the case at bar, the outstanding title, which was a cloud on plaintiff's title, was never asserted against him. The owners of it voluntarily released all their rights to plaintiff, upon his request therefor. He never recognized their rights, nor yielded to them, nor was he even threatened with an eviction, or proceedings of any kind, by them.

It follows that the trial judge properly sustained an objection to the introduction of evidence under the petition, because it did not state facts sufficient to constitute a cause of action, under the law of Ohio, and he abused no discretion in refusing permission to amend the petition for, on the statement of counsel for plaintiff, it plainly appeared that he would never be able to file a petition good in law, because he could never truthfully plead an eviction from the premises.

If the result here may seem hard to the plaintiff in error, he must remember that the trial court, as well as this court, is constrained to apply those rules of property which through many decisions have become fixed and known.

As said in the first volume of the published reports of this state, *Kerr* v. *Mack,* 1 Ohio 161, and repeated in the first volume after the adoption of the constitution of 1851, *White* v. *Denman,* 1 Ohio St. 111, "the certainty of a rule is often more important than the reason of it."

It is better that cases be decided according to fixed and well-known rules than according to the conscience of the individual judge which tells him what is right or wrong in the particular case.

When the wholesome doctrine of *stare decisis* has kept the law unchanged too long, while civilization has progressed and outstript it, it is in the power of the legislative branch of the

Mathews v. Sylvester.

government to amend the law without impairing rights acquired under it. It is not for the courts to legislate.

Judgment affirmed.

**Marvin** and **Niman, JJ.,** concur.