## Urbanski *v.* Szelaszkiewicz.

*Landlord and tenant—Leases—Option to purchase renewed, when—Option not signed by owner's wife—Specific performance by purchaser.*

1. Where a lease is given containing an option to purchase, the renewal of the lease at its expiration implies an intent to renew the option to purchase.
2. Where an option to purchase real property is not signed by the wife of the owner of the property, and the purchaser asks for a conveyance pursuant to the option, subject to the wife's dower, he is entitled to a decree for specific performance.

(Decided March 7, 1921.)

Appeal:   Court of Appeals for Lucas county.

*Messrs. Fell & Schaal,* for plaintiff.
*Messrs. Marshall & Fraser,* for defendant.

Chittenden, J.   On the 14th day of November, 1914, by a written lease duly executed, witnessed and acknowledged, the defendant leased to the plaintiff from the first day of December, 1914, to the first day of December, 1915, the following described property:

"Two store rooms located at No. 3201 & 3203 Lagrange Street, lot Numbers 21 & 22 Parkland Addition, in the City of Toledo, Lucas County, Ohio, also two rooms adjoining said store rooms and hall room located on the second floor of said premises, and basement under store rooms."

The provision as to the rental was:

"Six hundred dollars per year in payments of Fifty Dollars on the 1st day of each month, with the privilege of renewal of said lease for a period of five years at the expiration of one year from date upon the same terms and conditions as above agreed."

The lease contained the following option to purchase:

"Lessee is given right to purchase described property above as Lot Number 21 & 22 in Parkland Addition to the City of Toledo, Lucas Co., O., for the sum of $8,000, at any time during the life of said lease."

The plaintiff entered into possession of the premises, and on November 18, 1915, notified the defendant by writing that he proposed to renew the lease for the period of five years from December 1, 1915, in accordance with the terms of the lease. This renewal was agreed to in writing by the defendant. The plaintiff continued in the occupancy of the premises and on July 5, 1919, the defendant served upon the plaintiff a notice to leave the premises, it being the usual notice served preliminary to the beginning of a suit in forcible entry and detainer. Thereupon on the 7th of July the plaintiff tendered to the defendant $8,000 in legal tender currency and demanded the execution of a deed to him of the premises, which was refused by the defendant.

Thereupon this action was brought, praying for the specific performance of the option to purchase contained in the above-mentioned lease. The court of common pleas entered a decree in favor of the plaintiff, whereupon the cause was appealed to this court.

The principal defenses to the action are that the description of the property is uncertain; that the option was only operative for the original term of one year; that the wife of the defendant did not sign the option; that the plaintiff violated certain covenants contained in the lease; and that by continuing to pay rent after he claimed to exercise the option he waived the right to enforce the option.

The contention concerning the uncertainty of the description relates particularly to the first description contained in the lease, and it is said that it does not appear that all of the leased property was located on Lots Nos. 21 and 22 and that neither does it appear that all of the property on those two lots is included in the description. The description in the option itself, however, seems to be free from any uncertainty. We think the option clearly refers to the property described as Lots Nos. 21 and 22 in Parkland Addition, and includes such buildings as may be located on those two lots, no matter whether there was more or less property included in the premises to be occupied under the terms of the lease. We hold, therefore, that the description contained in the option is sufficiently certain to sustain a decree of specific performance.

Perhaps the most important objection presented by the defendant rests upon his claim that the option could only be made available during the term from December 1, 1914, to December 1, 1915. We

find, however, that the decided cases, as well as the textbooks, sustain the proposition that where a lease is given containing an option to purchase, the renewal of the lease at its expiration implies an intent to renew an option to purchase. *Maughlin* v. *Perry*, 35 Md., 352; *Thomas* v. *Gottlieb, Bauernschmidt, Straus Brewing Co.*, 102 Md., 417, and *Schroeder* v. *Gemeinder*, 10 Nev., 355.

Other cases will be found collected in the note to *Mathewson* v. *Burns*, 35 Am. & Eng. Ann. Cas., 355, on page 358. See also 16 Ruling Case Law, 810, Section 306. In view of what seems to be a well-settled principle of law, we hold that the option was renewed with the renewal of the lease.

It is further contended that specific performance will not be decreed in this case because the option was not signed by the wife of the defendant, and reliance is had upon the case of *Peoples' Savings Bank Co.* v. *Parisette*, 68 Ohio St., 450. This court followed and applied the principles laid down in that case in the case of *Caple* v. *Crane*, 10 Ohio App., 461. In these cases, however, the plaintiffs were asking either that the wives be required to release dower or that the value of their dower be estimated and deducted from the agreed purchase price. In the case now under review the plaintiff is not asking for a conveyance of the title free from the dower of the wife, but is willing to accept the title subject to her dower interest. We therefore see no objection to decreeing a performance of the contract because of the failure of the wife to sign the option.

By an amended pleading the defendant alleges a violation of the covenants of the lease by the unlawful sale of liquor on the premises by plaintiff and by his allowing gambling upon the premises and al-

lowing lewd women to loiter there. It would be enough perhaps to say that we find that the evidence fails to sustain these allegations, but the defendant has never undertaken to avoid the lease because of these alleged violations of the covenants of the lease referred to. On the contrary, he accepted the rent with the knowledge, as he claims, of such violations. Section 5972, General Code, provides that where premises are occupied for gambling, the lease shall be absolutely void at the instance of the lessor, and Section 41 of the act prohibiting trafficking in liquor, 108 Ohio Laws, pt. 1, 405, provides that a violation of the act by the lessee of any premises shall at the option of the lessor work a forfeiture of the lease. In both instances the statutes make such leases voidable in case of a violation of the law, at the option of the lessor. It is argued that the service of the notice to vacate the premises is a sufficient exercise of this right to avoid the lease, but we think the evidence in this case discloses the fact that the only complaint made at that time was that the rent had not been paid promptly on the first of the month, as required by the terms of the lease, and indeed it is now here insisted that the plaintiff did fail to pay his rent promptly on the first of the month and that for that reason the defendant may here show such failure as a defense to this action. We have held frequently that a clause in a lease providing for a forfeiture for nonpayment of rent is only for the purpose of securing the payment of the rent, and that forfeiture will not be allowed if the rent is tendered and paid after the default. We think the evidence very clearly shows that the rent was sometimes paid before the first, sometimes on the first, and sometimes

at a later date, and that no complaint was made in this respect until the plaintiff undertook to exercise his option of purchase. The plaintiff states that prior to the service of the notice to leave the premises he had told the defendant that he would exercise his option to purchase, although there appears to have been no written notification.

On the whole record we find no valid defense to the petition of the plaintiff and a decree may be drawn ordering the specific performance of the option to purchase in accordance with the foregoing opinion.

*Decree for specific performance.*

RICHARDS, J., concurs.
KINKADE, J., not participating.