*165 OPINION of the Court, by
Judge Logan.
This is a suit under conflicting claims to land. Johnson, the appellee, relies on his elder patent ; and, therefore, renders only necessary an examination of the appellants’ claim. They derive title under the following entry :
“ May 27th, 1780 — David Gass enters 1600 acres', upon a treasury warrant, on Lee’s creek, a branch of the north fork of Licking, on the east side of Richard Wade’s settlement and pre-emption, and on the east side of the creek, to include a cabin built by Har-.ison and Pierce, and to run 1 1-2 mile on the creek, and to extend east and northeast for quantity.”
Richard Wade had, on the 18th of January, 1780, entered his settlement “ on a branch of Lee’s creek, on the west side thereof, a branch of the north fork of Licking, to include Simon Canton's cabin.” But had transferred his pre-emption to James Estill, who, as his assignee, had entered the same on the 25th of May, *166 1780, “lying on a west branch of Lee’s creek, the waters of Licking, adjoining the said Wade’s settlement below, running down the said branch for quantity.”
Entry depen. ding on C*s cabin, which was not notorious as C*s and not To deferibed as to be diftinguifha> ble from other cabins oa the creek, declared invalid.
It is admitted in the record, that Lee’s creek and the north fork of Licking were generally known by those names at the time of making these entries.
It need scarcely be repeated as an indispensable requisite to a good entry, that it should call for an object either notorious in itself to the generality of those mostly conversant, and who were supposed best aeqainted in its vicinity ; whereby other locators might be enabled to ascertain the; position of the land : or it should give such a description of those objects, which of themselves were not generally known, as that from a liberal, fair, and just construction of the whole calls of the entry, would distinguish it from similar objects, and point out with reasonable certainty those intended.
In the present case there is not room for a doubt with regard to the want of notoriety in the cabins called for. It must, therefore, be upon description only that either entry can be supported.
It is in proof, that there were different cabins on the waters of both sides of Lee’s creek, and that there are several west branches to said creek.
Whether, therefore, a subsequent locator had endeavored, through the information of others acquainted on the waters of Lee’s creek, or from his own search ; he must in either case have been left in a state of doubt and uncertainty, with regard to the place intended by the entry j because of the severa^ cabins comprehended by its calls equally applicable and answering the description. Unless, as was argued, the calls in the entry would have induced the belief that the cabin intended was situated on the bank of the creek.
Could this be presumed as an inference obviously deducible from the entry, and there was no oth$r call calculated to destroy its validity, we should have no doubt of its goodness; because but one cabin is proved to have been on the bank of the creek ; and the creek being only a few miles long, a locator could with certainty have ascertained and known the place intended.
But we are of opinion, that the entry does not justify the presumption, that the cabin intended was sitúa- *167 led dri the bank of the creek. Indeed, a contrary presumption seems to us the more probable ; for had the cabin on the creek been intended, an inquirer might justly have supposed that the locator, from the ease with which he could have distinguished it from others, Would have so described it.
Instead,however, of giving such description to this cabin, so easily to have been distinguished from others, the locator, it is conceived, has embarrassed even the presumption that this was the cabin intended, by refer-ing in his entry to that part of the creek, as the part he intended to locate, “ on the east side of Richard Wade’s settlement and pre-emption.”
Now as the locative call in Wade’s claim did not possess notoriety, and the locator has failed to describe it, so that it could be found with certainty on reasonable diligence, the call for it would not have pointed to any particular part of the creek ; nor would an inquirer have been able to distinguish it from other cabins, if it had been found. Hence it follows in regard to the claim under consideration, that the mind of the subsequent locator must have been hung up in doubt between different cabins represented to be .on the east side of the creek, and which might have been included by Gass’s claim, when laid on the creek and extended out in reasonable form ; for the call “on the east of Wade” being the only clew by which one cabin could be presumed to have been intended in exclusion of another, and this having failed, the entry cannot be sustained.
Had Wade’s entry been sufficiently established, and other cabins on the east side of the creek been still relied on as rendering the one uncertain which the loc*. tor intended in Gass’s entry, it seems, as was contended in argument, that then it would have been indispensable for the defendant below to have shewn with certainty the situation of the other cabins on which he relied, in order that the court could determine with regard to their application, and how far they equally fit the calls of the entry, or Cfculd have been justly presumed as intended by the locator, who had fixed his location to a given base, or described plate on the creek. But where the description given is so general as must leave the entry to depend on the notoriety of the object called fori there it seems that proof relative to the identity of other si- *168 njilar objects, need not be more precise than the calls of entry hseif5 for it then clearly shews that the ob-joct intended by the locator, could not have been selected, on the most liberal construction of his entry, frorn^ among other similar objects equally answering its calls* Or if the cabins refered to on the opposite sides of the creek, were so contiguous and conveniently ‘situated in relation to each other, and the branch on the west side fitting that call, that would have conduct'd to a probable and reasonable presumption as to the place intended, and thereby have induced a more particular inquiry whether there was any other place on the creek which the description would equally fit, and none such existed ; the entry might in that event have been good. But when the cabins represented on the plat are as far distant from each other, as what is proven to be about one third of the length of the creek, and one at least a mile lower down the creek, and-the other that far from the creek, w£ cannot conclude that any inquirer could have been clearly satisfied, when informed that there were different similar improvements oil both sides of the creek, that this was the place called for.
The decree of the court below must, therefore, be affirmed with costs.