Opinion of the court, by
Judge Collet:
The covenant of warranty in a deed conveying land, or any interest in laud, is an undertaking by the warrantor, that on the failure of the title which the deed purports to convey, either for the whole estate or for a part only, by the setting up a superior •title, that he will make compensation in money,'for the loss sustained by such failure of title. It is commonly, in express terms, • extended, to the heir and assignee of the grantee, but this is immaterial. This covenant is not broken until the grantee, his heir ■ or assignee, is evicted from or disturbed in the enjoyment of the premises, or a part of them, by the setting up of a superior, or paramount *title. It is like the covenant of quiet enjoyment in a lease. The covenant of warranty, as respects the grantee, is not merely a personal covenant, for the breach of which he, or his executors or administrators, only could sue; but it has respect to the land, is a real covenant, and until broken, passes with the land, to the heirs of the grantee ; or if the land is conveyed or assigned ■ to the assignee, and when broken, the heir or,assignee injured by vthe breach can, in his own name, sustain an action against the *141 warrantor. Co. Lit. 384 b, 385 a; 4 Kent Com. 459; 5 Cow. 138; 1 Conn. 248. The court believe it settled, that all covenants in deeds for the conveyance of lands, which have respect to the title, and which were not broken when the land descended to the heir or passed to the assignee, are inherent or real covenants, and attend the land; and that on a breach happening, the heir or assignee injured thereby, could sue the warrantor, his executor or administrator, for the recovery of damages. In the case of Adm’rs of Backus v. McCoy, 3 Ohio, 218, 222, which was an action to recover damages for a breach of the covenant of seizin,, in a deed made by McCoy, the court determined that when a. grantor was in possession of the land, claiming it in fee simple, at the time he made the deed, that the covenant of seizin was not broken as soon as made; that in such a case, it was not broken-until the grantee, his heir or assignee, was evicted, or disturbed in the enjoyment of the premises, but was a real covenant, and as-well as the covenant of warranty, descended with the land to the assignee, and that the heir or assignee, when evicted, could sustain an action for a breach of it. This objection to King’s recovery can not prevail.
It is objected to his recovery, that he has a judgment against the-representatives of Heylen, o-n the covenant of warranty in Heylen’s deed to him for these premises, for the damages he claims of Kerr’s representatives in this action. Kerr, for the consideration as stated in his deed, of two thousand dollars, conveyed the premises, with a covenant of warranty, in fee simple, to Baldwin. The-title conveyed by Kerr to Baldwin was passed by several intermediate conveyances, each with general warranty to Heylen, and by *Heylen to King, whereby King became the assignee of Heylen and of Baldwin, and of each grantor through whom the premises passed from Baldwin to Helyen. With the premises, the covenant of warranty of Kerr, and of each of the others, passed, to and centered in King, as though they had each been made with-him personally. That eviction or disturbance of King in the enjoyment of the premises, which was a breach of the covenant of warranty of Heylen, was a breach of the warranty of Kerr, and of each of the others, whereby each became liable to be separately-sued on his several covenant, for the same damages which each-for himself had undertaken to pay.
As in a joint and several note to pay a sum of money on a cer *142 tain day, or on the happening of a particular event, if the moneyis not paid on the day or on the event happening, the payee may treat •the contract as the several undertaking of each, and sue at the same time each maker separately, and recover judgments against each, or may sue them each in succession, and obtain a judgment against one, then sue another and obtain a judgment against him. The judgment against one is no bar to the action against another; nothing isa bar but actual payment according to the undertaking as by the note. Or as where a promissory note passes by indorsements through several hands, each indorser, by his indorsement, guaranties or warrants the payment of the note by the maker; and if it is not paid when it becomes due, the contract oí each indorsee is violated, and the holder can sue each at the same time for the amount of the note, or in succession. Imprisonment of one, on a ca. sa. at the suit of the holder, will not be a bar to an action by him against another. The undertaking was that the money should be paid; nothing else can, without the consent of the holder, make him whole. So here (for in principle the cases -do not differ), King might have sued all the warrantors at the same time or in succession. A judgment against one unsatisfied "is no bar to a suit against another. Nothing but payment of the damages sustained can, in this respect, bar his action. To pay is the covenant of warranty. 1 Conn. 248; 5 Cow. 138. King can have but one satisfaction; on that being actually made, then, on payment of the costs, *all further proceedings Would be stayed so far as King was to be benefited by the actions. If these covenants have been broken, it is commendable in King to prose•cute the representative of the first warrantor; if he can obtain from him compensation for all the injury he has sustained, there can be no further litigation on the subject, unless it is about the •costs of the judgment against the administrators of Hevlen.
It is not necessary to sustain this action, that notice should have been given by King to the defendants of the commencment of the action of ejectment against him by Miller. No such averment is found in the precedents of the declarations in this action, as there would have been if notice was necessary. It is prudent to give the notice; it in some cases enables a plaintiff to recover on less testimony. 2 Saund. on Plead, and Ev. 631. This objection of the defendant can not bo sustained.
It is objected to King’s recovery that he has not been evicted; *143 this can not prevail. It is a general rule that, to sustain an action -on a covenant of warranty, an eviction by process of law must be shown. The Supreme Court of Massachusetts admits of exceptions. 4 Mass. 348; 1 Big. Dig., title Cov., K. 4, 5. In an action on a covenant in a deed against incumbrances, no eviction is necessary; but the plaintiff may show that he has, by paying it off, got it in, on which he shall recover what he has fairly paid for it. If he could not thus protect himself, and preserve his right of action against the warrantor, he would have to buy in the incumbrance and lose it, or suffer the whole or a part of the premises to be sold by the officer to a stranger to satisfy the incumbrance; to he sued and regularly evicted by execution, although the incumbrance was due and liquidated, and not one-tenth of the value of the premises. The covenant of warranty includes the covenant -against the incumbrances. Why should the eviction, in such case, when it is so manifestly injurious to both parties, be anywhere required in the action on the covenant of warranty? Be this as it may, Miller has, by a paramount or superior title, recovered a judgment in ejectment for the premises against King. King remains in possession, and has got in the title of Miller, not by a private ^arrangement between him and Miller, but by conforming to the provisions of the occupying claimant laws (22 Stat. 448), and that not without being injured by the failure of the title derived from Kerr. Justice, and the interest of both warrantees, and the manifest intention of the legislature in enacting the occupying claimant laws, all require that this action be sustained.
The occupying claimant laws were enacted to promote the settlement and advance the improvement of the country, by giving assurance to the settler in the woods, who had reasonable grounds to believe- that he had a good title to the land on which he settled, that if that title should fail, the person who by his superior title entered into the enjoyment of the-fields which the settler had cleared, the orchard he had planted, and the houses which he had erected, should do him justice, by paying him for that labor and ■expense of which the successful claimant reaped the benefit. These laws provide, that on the recovery of a plaintiff in ejectment against a defendant who has such evidence of title as is required by the statute, either party may, by motion to the court, have commissioners appointed, to value all improvements on the land, made by the defendant, or by any person through whom he *144 derived title, deducting for waste and now for rents; and to assess the value of the land without the improvements. The'plaintiff in ejectment can not put the defendant out of possession, until he has either paid him for the improvements or offered to convey to him the land, and he has refused to receive, and pay its value-without the improvements.
The rule by which damages are ascertained in this action,, whore the whole of the premises are lost by the failure of the title, is the same as in an action on the covenant of seizin, the consideration received by the warrantor for the premises, and interest. 3 Ohio, 221; 4 Kent, 462-465.
This rule is adopted as the one most likely to do justice between the parties. It is the rule in most of the United States. In a-country long settled, where the value of real property varies but little in twenty or forty years, whether this, or the value of the-premises on eviction, is the rule, this, in general, is ascertained without cost or dispute. In this state, where real property is rising fast in value, the *value on eviction would be ruinous-to the warrantor, and, in cases to which the occupying claimant law applies, would be unjust..
The warrantor covenants or agrees, that on failure of the title, he will pay the loss sustained; hence, to assess the damages at more is unjust; he covenanted to pay no more; to-assess them at. less, would be unjust and injurious to the warrantee.
When the title fails for a part only of the premises, as for one-tenth in value, the party recovers but one-tenth of the consideration and interest. 3 Ohio, 221, 222; 4 Hals. 143-148; 8 Pick. 455.
Interest is not recovered when the premises have been occupied by the warrantee, and he has not accounted, nor is accountable, for1 the rents and profits. It would be unjust. He who buys a farm, or house and lot, agrees to part with the use of the consideration forever, for the use of the farm or house and lot forever. As long as he has the use of the farm or house and lot, so long should the seller have the interest of the consideration.
A. sells to B. a farm for one thousand dollars; B. receives for it a clear rent of sixty dollars a year, for forty years, when his title fails, and he has to account to the claimant for four years’ rent. A. should refund to B. the one thousand dollars, and four years’ interest; it would be unjust to give B. forty years’ interest. -The- *145 title of A. enabled B. to enjoy the premises thirty-four years. 4 Kent’s Com. 462; 9 Johns. 324; 13 Johns. 31.
A., by a claim for dower in the premises, which is paramount, has it assigned, the premises not dividing, by an annual rent of thirty dollars; at the end of the first year, the warrantee pays her the thirty dollars, when she dies; he will recover of the warrantor the thirty dollars, and costs taxed against him in the proceedings for dower. The costs were incurred in defense of the warrantor’s title. 13 Johns. 51; 4 Bibb, 220; 14 Johns. 89; 4 Kent, 442. The thirty dollars, costs and interest from the payment, is all the injury sustained.
When the commissioners, under the occupying claimant laws, value improvements, and the successful claimant pays *the defendant for them, the warrantor, when the improvements were made by him, in this action must have credit for them. The spirit and policy o'f the occupying claimant laws, and justice, require it. In this case, suppose the improvements' all made by Kerr; that, they had been valued at one thousand six hundred and fifty dollars, after deducting the rents received by King; that Miller had paid King the one thousand six hundred and fifty dollars, and put him out; King would recover only three hundred and fifty dollars, the balance of the consideration of two thousand dollars received by Kerr for the premises. King had received the rents; Kerr had paid for them, by having them deducted from his improvements. If the improvements had been a part made by Kerr, a part by King, in assessing damages their relative value to the whole sum recovered by King for them would have to be ascertained, and interest apportioned according to the charge on the improvements. 3 Bibb, 167.
In this case, King has not lost the whole of the estate which he derived from Kerr in the premises, by the recovery of Miller. He has, by virtue of Kerr’s title, retained the improvements, whether they were made by Kerr, or any other assignee of Kerr, before they came to King, or by King. Miller’s title, by the proceedings under the occupying claimant law, has been reduced to an incumbrance of three hundred and fifty dollars, which King has paid off, together with the costs of the ejectment and proceedings under the occupying claimant law. This three hundred and fifty dollars, and these costs, are the damages sustained by King, which, with interest. *146 from the time he paid them, is all he should receive, or the warrantor pay. Their covenants extend no further.
Not to give King this, would not only be unjust, but it would in .some cases prevent the occupying claimant from purchasing in the paramount title, and subject the warrantor perhaps to the double loss of the value of the improvements made by him, and to the return of the whole consideration which he received for the premises.
It is agreed by the parties, that final judgment should be rendered at this term, without an inquiry-of damages. The three hundred and fifty dollars, and interest on it from the *time •it was paid by King to Miller, and the costs of the ejectment, and of the proceedings under the occupying claimant law, with interest on these costs from the time they were paid by King, must all be added together, and the sum thus produced the court assess as the •damages of King, for which sum, and the costs of this suit, judgment must be entered.