## DETROIT, TOLEDO AND IRONTON RAILROAD COMPANY, Plaintiff-Appellant, v. PITZER, Defendant-Appellee, Defendant-Appellant.

Ohio Appeals, Second District, Clark County.

No. 446 and No. 447.   Decided December 17, 1943

Bodman, Longley, Bogle, Middleton & Armstrong, Detroit, Michigan, Keifer & Keifer, Springfield for plaintiff-appellant.

Corry, Durfey & Martin, Springfield, for defendant-appellee.

## OPINION

By HORNBECK, J.

These are appeals on questions of law. The plaintiff appeals from a final judgment entered in behalf of defendant after the overruling of the demurrer of the plaintiff to the second and third defenses of defendant's amended answer and the withdrawal of the first defense of said amended answer. The cross-appeal is directed to the action of the trial judge in sustainng the demurrer of the plaintiff to the fourth defense of the defendant's amended answer.

Plaintiff's amended petition consists of thirteen causes of action of which the first is typical, as follows:

"On September 20, 1939, in consideration of the sum of $100 paid by plaintiff to defendant, defendant agreed with plaintiff to repay said sum to plaintiff if and when settlement was made for injuries received by him while in the employ of plaintiff at Leipsic, Ohio, on September 7; 1939. A copy of said agreement is hereto attached, marked "Exhibit 1".

Full settlement was made by plaintiff with defendant for the said injures on May 20, 1942, but defendant has not repaid said sum of $100 to plaintiff's damage in the sum of $100.00". ·

The prayer was for a judgment of $1,300.00, interest and costs. Exhibits 1 to 13, inclusive, were attached to the amended petition.

The first defense of the amended answer, finally withdrawn, after certain formal admissions as to the corporate capacity of the plaintiff, the receipt of the amounts set forth in Exhibits 1 to 13, inclusive, is a general denial.

The second defense avers that the defendant on or about January 7, 1941, filed an action against the plaintiff in the District Court of the United States for the Eastern District of Michigan, being Civil Action No. 2386, in which complaint he sought to recover against the defendant thereinunder and pursuant to the provisions of the so-called Federal Employers' Liability Act, and Section 11 of an Act of Congress commonly known as the Hand Brake Provision of the Federal Safety Appliance Act, for personal injuries sustained on or about September 7, 1939, that said cause and answer to such complaint was duly filed by the plaintiff here and subsequently upon the issue so joined cause was tried, a verdict resulting in behalf of the plaintiff, and thereafter final judgment rendered a favor of plaintiff and against the defendant on or about April 1, 1942.

Defendant further says that Section 5 of the said The Federal Employers' Liability Act, provides as follows:

"Any contract, rule, regulation, or devise whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void; Provided, that in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought."

That, notwithstanding the right of the said Detroit, Toledo and Ironton Railroad Company under and pursuant to the provisions of said section to plead and offer proof in the form of a or a set-off to any sum or sums which the said company had paid to defendant herein, the said Detroit, Toledo and Ironton Railroad Company failed to plead or offer proof upon such set-off; that the sums paid to the defendant, as alleged in plaintiff's petition herein, were such sums as might have been pleaded and proved in the form of a set-off in said suit in the United States District Court for the Eastern District of Michigan.

That by reason of the failure of the plaintiff to plead or offer proof of such set-of it waived its right to make any claim against the defendant herein for recovery of the said sums contributed to this defendant.

The third defense is that because of the subject matter heretofore quoted from the second defense the Detroit, Toledo and Ironton Railroad Company is now estopped to make any claim against the defendant for the sums contributed to the defendant.

The fourth defense avers that because of the subject matter set forth in paragraphs 1 to 5, inclusive, of the second defense, the judgment rendered in said cause in the United States District Court for the Eastern District of Michigan was upon the merits of the case and constituted final adjudicaton of all matters properly determinable under the provisions of The Federal Employers' Liability Act, and that therefore, all matters alleged in the plaintiff's petition herein are, and have become, res judicata.

It is the claim of plaintiff appellant that the court erred in overruling the demurrer to the second and third defenses of the amended answer, and it is the claim of cross-appellant that the court erred in sustaining the demurrer to the fourth defense of the amended answer which was the defense of res judicata.

If the court was correct in overruling the demurrer to the second and third defenses of the amended answer, it is probable that the court erred in sustaining the demurrer to the fourth defense of the amended answer. If the claim of the plaintiff here was the proper subject of set-off or counterclaim in the action of the defendant against the plaintiff in the United States District Court of Michigan, Eastern District, which plaintiff was required to assert, then its failure to set it up as a defense in that suit estops it to assert it in this action because the judgment was conclusive not only as to every matter offered or received to defeat the claim but also as to every other matter which could have properly been litigated and determined in the action. 34 C. J. 818; 30 Am. Jur. 923; Galion Iron Works & Mfg. Co. v J. D. Adams Mfg. Co., 123 Fed. (2d) 411; Mullen v Mullen, 11 N. P. (N. S.) 353.

We, therefore, consider the determinative question as to both appeals, namely, are the second and third defenses of the amended answer good as against general demurrer.

In support of the claim of plaintiff-appellant it is urged that in Ohio, under §11315, 11337 and 11624 GC, a defendant may, but is not required to, set up a counter-claim or set-off in a suit against him, but may at his option assert it in

another and subsequent action. This claim is practically conceded by defendant-appellee and the trial judge did not hold otherwise.

There is no averment in the second and third defense of the amended answer which would preclude the plaintiff's maintaining its present action if it is not estopped, or has not waived its right to file such action, by reason of the Rules of Civil Procedure for the United States District Courts, namely, Rule 13 (a) and (b) which rule is as follows:

"(a) COMPULSORY COUNTERCLAIMS.

A pleading shall state as a counterclaim any claim, not the subject of a pending action, **which at the time of filing the pleading the pleader has against any opposing party**, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

(b) PERMISSIVE COUNTERCLAIMS.

A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." (Emphasis ours)

The trial judge gave application to this quoted rule and held that it barred the plaintiff's action as set forth in its amended petition.

Appellant urges that the rule is not controlling against its right to urge its claim in our state courts, but, if given application, it is no bar because, under that part of the rule which we have underscored, the claims set up in its amended petition were not at the time of the filing of the action in the Federal District Court existing causes of action and, therefore, could not properly have been made the subject of set-off or counter-claim.

This contention, in our judgment, is well made for the reason that the obligation of the defendant to the plaintiff under Exhibits 1 to 13, was a conditional obligation based upon a contingency which had not occurred at the time of the institution of the suit in the Federal District Court of Michigan and did not occur at any time during the progress of the trial in said action.

Exhibit 1, attached to the amended petition and like unto Exhibits 2 to 13, inclusive, except as to dates, is as follows:

"Received from the Detroit, Toledo and Ironton Railroad Company, the sum of One Hundred and no/100 Dollars ($100.00) which is to be repaid by me **if and when settlement is made for injuries received by me while in the employ of the said Detroit, Toledo and Ironton Railroad Company at Leipsic, Ohio, on September 7, 1939.**

By making this loan to the undersigned, it is understood that the Detroit, Toledo and Ironton Railroad Company makes no admission whatever of any liability and the undersigned waives any right to claim that the making of this loan is any admission of liability to the undersigned.

Dated at Lima, O., this 20th day of September, 1939.

Signed Everett Pitzer"

(Emphasis ours)

It appears from the pleadings that in the action of Pitzer v The Detroit, Toledo and Ironton Railroad Co., in the Federal District Court, the defendant joined issue with the plaintiff as to its liability for any damages alleged. So that, until there was a final judgment in behalf of Pitzer, no sum could be said to be due him from the railroad company. The language of Exhibit 1, upon the facts appearing in its most favorable light to Pitzer here, could not fix any liability to the Railroad Company at an earlier date than the entering of the final judgment in his behalf in the action in the Federal Court. Indeed, a more reasonable interpretation of the language is that the condition thereof would not be met unless and until payment had been made by the railroad company to Pitzer, because of his claim against it, either by compromise before or after judgment, or by payment or tender of payment of the judgment.

The language employed creates liability upon a contingency both as to the possibility of settlement and as to the time when it would be made, if effectuated. The receipts signed by Pitzer bound him to waive any claim that the making of the loans was an admission of liability of the railroad company to him.

It is said in 57 C. J., 387,

"A party cannot avail himself of a matter as a set-off, unless it is a legally subsisting cause of action in his favor upon which he could maintain an independent action, * * *."

We have found no case wherein the condition under consideration was identical with that found here, but we have examined some which construed language held to create a conditional promise and such cases are helpful, at least by analogy. In Wahl v Cunningham, et al., 320 Mo., 57, 6 S. W. (2d) 576, 67 A. L. R., 489, the action was against directors of a bank who promised to repay money advanced to them for the benefit of the bank, "when its affairs are straightened out". The court held that inasmuch as the petition alleged that the affairs of the bank were then in process of liquidation and were being administered by a receiver, the time for the performance of the alleged agreements had not arrived at the time of the commencement of plaintiff's suit and that the action could not have been maintained under this averment alone because the right of action had not accrued. The Court, however, held the cause of action to be well stated because it was pleaded that the defendants had repudiated their obligations before the time for their performance.

Benton v Benton, 78 Kan. 366, 97 Pac., 378, is made the subject of a note in 27 L. R. A. (N. S.) 300. The court had under consideration a written instrument by which the maker acknowledged an indebtedness and agreed to pay it "as soon as he can". The court there held that because of the indefinite language employed it meant within a reasonable time. However, the note points out that the great weight of authority supports the rule. That a promise by a debtor to pay his debt "as soon as he can", "when able", or "when in his power", etc, is a conditional promise, and where relied upon, either to take a previously existing debt out of the statute of limitations, or as an original promise, it is incumbent upon the creditor to show that the condition has been fulfilled, in other words, that the debtor is able to pay. Many cases are cited to support the note. It is obvious that the language heretofore set forth and held to create a conditional promise is indefinite as compared to the language employed in the promise found in the receipts in this case. As to conditional promises to pay in terms like those in Benton v Benton, 34 Am. Jur., 114, concludes that,

"The statute (Limitation of Action statute) begins to run as soon as the ability to pay becomes a fact, whether the creditor is aware of it or not; * * *."

And the general rule is stated in 34 Am. Jur., 112, that,

"In the absence of an anticipatory breach, a right of action upon a contract does not accrue, and the statute of limitations does not begin to run, until the agreement is executed or the contingency which forms a part thereof has occurred."

This is but another way of saying that an action may not be maintained upon a contract until the right of action has matured.

In our judgment, no cause of action has accrued in favor of the Railroad Company against Pitzer which could have been made the subject of a set-off or a counter-claim in his action in the Federal District Court.

Moreover, we are of opinion that Section 55 of the Federal Employers' Liability Act (Title 45, U. S. C. A.) has no application to the instant question either under the first part or under the proviso thereof. We find nothing in the amended answer which invokes the application of the first part of the section, but it is urged that the proviso has effect because the carrier in making the payments to Pitzer evidenced by the receipts was contributing such sums to him as "relief benefit". "Relief benefit", as employed in the proviso, implies that the benefit grew out of and was paid on account of the injury for which the action was brought and, in probability, relates to insurance, relief benefit or indemnity which the common carrier was admittedly obligated to pay to the injured person. It is the gist of the receipts Exhibits 1 to 13 inclusive, that no obligation was recognized by the Railroad Company in the payments nor was any claimed, nor could it be claimed by Pitzer, that the payments grew out of any obligation of the Railroad Company to him on account of liability for his injury.

The Court erred in overruling plaintiff's demurrer to the second and third defenses of the amended answer. The Court committed no error in sustaining the demurrer to the fourth defense of the amended answer.

Plaintiff-appellant asserts that it is entitled to a judgment in this court upon the pleadings. We find no motion for judgment on the pleadings in the transcript of docket and journal entries. The judgment will, therefore, be reversed and cause remanded to the Common Pleas Court for further proceedings according to law.

BARNES, P. J., and GEIGER, J., concur.