**LYONS, Exr., Plaintiff-Appellant, v. GARNETTE, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 688.   Decided November 24, 1950.

T. A. Billingsley, Greenville, for plaintiff-appellant.
George W. Porter, Floyd D. Smith, Greenville, for defendant-appellee.

## OPINION

By WISEMAN, J:

This is an appeal on law from the judgment of the Common Pleas Court of Darke County dismissing plaintiff's action after a hearing on the merits.

Plaintiff as executor of the Estate of Charlotte Whipple, deceased, brought an action against Odella Garnette on a promissory note for the sum of $2,700.00 with interest. The defendant in her answer sets up three defenses: First, gen-

eral denial; second, that in her will Charlotte Whipple directed that her executor place a credit of $1,000.00 upon the $2,700.00 promissory note due her from Odella Garnette, leaving a balance due her on her estate of $1,700.00, and that the executor has refused to give a credit of $1,000.00 as directed in the will; third, that the plaintiff is estopped from prosecuting this cause as the matters set out in the petition are res judicata.

The principal question for determination arises under the third defense. In her third defense the defendant alleges that in a prior action entitled "Odella Garnette v. David Lyons, Executor" upon which the record shows that she sued the estate of Charlotte Whipple for the recovery of $2,817.41 for nursing services and for money expended for the use and benefit of Charlotte Whipple, an item was listed as:

"Note at bank — — — $1,000.00"

The defendant further answering alleges that in the former action the defendant filed an answer and for his second defense alleged that in accordance with an agreement between Odella Garnette and the deceased, the said Charlotte Whipple, did in her will direct and provide that credit should be placed upon a note of $2,700.00 dated May 21, 1943, signed by Odella Garnette; and that said provision in the will referred to the $1,000.00 which Odella Garnette had procured from a Greenville bank and placed in the checking account of the decedent; that the defendant is ready, able and willing to give said credit upon said note in accordance with the directions in said will and that by reason thereof the estate of Charlotte Whipple is not indebted for the item listed of $1,000.00 contained in the account. In the answer filed herein defendant further alleges that the promissory note on which this action is brought was introduced in evidence in the prior proceeding; that the case was tried to a jury and that the court charged the jury in regard to the second defense in the prior action as follows:

"As respects the second defense of defendant's amended answer, the court says to you that there has been no proof, whatsoever of an agreement between decedent and plaintiff that such will be accepted of decedent. So you will disregard the second defense of the amended answer absolutely."

The defendant herein further alleges that the jury returned a verdict for Odella Garnette in the sum of $2,000.00.

Defendant further answering alleges that by reason of the prior proceedings the matters set forth in plaintiff's petition herein have been adjudicated. The essential allegations in the answer were controverted by a reply.

The case at bar was tried to the court. The evidence submitted is largely documentary. The pleadings in the prior action, together with the charge to the jury, the will of the decedent, and the promissory note on which suit was brought were submitted as exhibits by stipulation. The trial resulted in a judgment for the defendant. A motion to vacate the judgment and for new trial was filed and overruled and thereupon plaintiff's action was dismissed.

The judgment entry was general in its terms. However, the opinion of the trial judge in this case is a part of the record of the transcript of docket and journal entries and other papers in the case. The trial judge held that the issues had been adjudicated in the former proceeding. The judgment entry being general in its terms, we are required to determine whether the dismissal of the action can be sustained on any other ground. It is contended by counsel for defendant-appellee that plaintiff herein did not sustain the burden of proof with respect to the execution and delivery of the note and that said note was given for consideration. The executor testified that the note presented in this case was the same note which was presented as an exhibit in the former trial and that no payments had been made thereon. In view of the answer filed in this action and the pleadings in the former proceeding, which were introduced by stipulation in this action, there is sufficient evidence from which the court could reasonably conclude that the note was properly executed and delivered. The defendant in this action, in her answer did not plead non-execution or non-delivery of the note; neither did she plead failure or want of consideration. Under §8121 GC, delivery would be presumed, and under §8129 GC, a valuable consideration would be presumed.

We now consider the matter of res judicata, which was the basis for the dismissal of plaintiff's action by the trial court. It is true that the prior action was between the same parties. Also, we recognize the rule that a former judgment is conclusive between the parties, not only as to matters actually determined, but also as to any matters which, under the rules of practice and procedure, could be determined. **Vol. 23, O. Jur., Page 979, Section 748.** But the cause of action sued upon in the prior suit was a different cause of action from the one sued upon in the instant case. In the prior action Odella Garnette claimed there was due her

for nursing services and for money expended for the use and benefit of the decedent a certain sum of money. The item listed was for $1,000.00 for note at bank. In the prior suit the executor by answer put in issue the question whether the decedent and Odella Garnette had agreed that a credit of $1,000.00 should be given on the $2,700.00 note as directed in decedent's will. The $2,700.00 note was not put in issue. The defendant failing to support the allegations by proof with respect to an agreement between Odella Garnette and the decedent, the court instructed the jury to disregard this particular defense. Even though this matter was taken from the jury because of failure of proof, it was, nevertheless, put in issue by the parties. While the $2,700.00 note sued upon in the instant case was introduced as an exhibit in the prior proceeding, no issue was presented as to the liability of Odella Garnette on said note. The plaintiff's cause of action in the instant case is upon the promissory note which is a different cause of action from that sued upon in the prior action. In **Norwood v. McDonald, 142 Oh St 299, 52 N. E. (2d) 67**, the ninth paragraph of the syllabus is as follows:

"The rule that a judgment is conclusive, not only as to what was determined in the action but as to all issues which properly might have been determined therein, is limited to cases involving a single cause of action."

On page 305 the court said:

"To constitute a bar there must be identity not only of subject matter but also of the cause of action. In other words, a judgment in a former action does not bar a subsequent action where the cause of action prosecuted is not the same, even though each action relates to the same subject matter."

On page 306 the court lays down the test as follows:

"The test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both. If the same facts of evidence would sustain both, the two actions are considered the same within the rule that the judgment in the former is a bar to the subsequent action. If, however, the two actions rest upon different states of facts, or if different proofs would be required to sustain the two actions, a judgment in one is no bar to the maintenance of the other."

In our opinion different proofs would be required to sustain the two actions and, hence, the test laid down by the Supreme Court has not been met.

The executor in the prior suit could have filed a counter claim to recover on the $2,700.00 note, but he did not choose to do so. The trial court held that since he was permitted to do so he was required to file a counter claim, and under the rule that a former judgment is conclusive between the same parties as to any matters which could have been determined, a subsequent suit could not be maintained. We do not agree. Suit in the instant case is upon a different claim or demand. The judgment in the prior suit only operates as an estoppel respecting matters actually litigated. Recovery on the $2,700.00 note was not litigated in the former suit. The doctrine of estoppel has application here rather than res judicata. In Norwood v. McDonald, supra, on page 306, the court applies the doctrine of estoppel as follows:

"As distinguished from what has already been said, it must be remembered that 'a point or fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction cannot be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different.' But the effect of such determination goes no further, by way of barring the second action, than to settle as a finality the point or fact litigated in the first action. This doctrine is based upon estoppel rather than upon **res judicata.**"

It is our conclusion that the facts in this case fall within the rule stated in Vol. 23 O. Jur., page 981, Section 749, as follows:

"In accordance with the rule prevailing in other jurisdictions generally, it is established in Ohio that when the second action between the same parties or their privies is upon a different claim, or demand, or cause of action, the judgment in the first suit operates as an estoppel only as to the points or questions actually litigated and determined, and not as to other matters which might have been litigated and determined. In other words, in order to make a judgment at law conclusive between the same parties or their privies in a subsequent suit on a different cause of action, the matter attempted to be disputed in the subsequent suit must have been put in issue in the first action, and therein necessarily tried and determined."

Was the defendant in the prior suit required to set up a counter claim on the $2,700.00 note? It has been held that under §§11315, 11337 and 11624 GC, a defendant may, but is not required to, set up a counter claim. **Detroit, T. and I. R. R. Co. v. Pitzer, 42 Abs 494, 497, 61 N. E. (2d) 93; State, ex rel. McHenry v. Calhoun, 87 Oh Ap 1.** See also Vol. 8 A. L. R. 695. In **Vol. 23 O. Jur., page 986, Section 754,** the text is as follows:

"To the general rule applying the doctrine of res judicata to defenses which could have been litigated in the prior action, there is an exception where the facts claimed to afford a defense are sufficient to constitute a set-off, counterclaim, or cross action, at least under statutes which provide that if the defendant omits to set up the counterclaim or set-off, he cannot recover costs against the plaintiff in any subsequent action thereon, except in cases specially provided for."

The effect of the failure of the defendant in the prior action to set up a counter claim on the promissory note here sued upon is covered in §11624 GC, which in part provides:

"If a defendant omits to set up a counterclaim or set-off, he cannot recover costs against the plaintiff in any subsequent action thereon."

Under the provisions of this section the plaintiff in this action would not be permitted to recover his costs. See **Witte v. Lockwood, 39 Oh St 141; State ex rel. McHenry v. Calhoun, supra; Vol. 36 O. Jur., page 580, Section 92.**

In our opinion the defense of res judicata has not been supported by the evidence. The dismissal of plaintiff's action constituted reversible error.

Judgment reversed and cause remanded with instructions to sustain the motion to vacate the judgment and for further proceedings according to law.

MILLER, PJ, and HORNBECK, J, concur.