SMITH, ADMR., APPELLANT, *v.* SIMPSON ET AL., APPELLEES.*

(No. 455—Decided November 18, 1959.)

*Mr. Roy W. Roof* and *Mr. Burke E. Smith*, for appellant.
*Messrs. Mahon & Lady*, for appellees.

*Motion to certify the record overruled, March 16, 1960.

*Per Curiam.* The appellant has not separately argued his various assignments of error, and in his brief has concluded that "the sole issue in this case is whether or not the plaintiff as administrator of the estate of his decedent is entitled to the possession of these certificates of stock." We will, therefore, consider the case as if the only error assigned is that the judgment is contrary to law.

This proceeding was brought in the Probate Court under the provisions of Section 2109.50 *et seq.*, Revised Code, and the Supreme Court of Ohio has repeatedly held that resort may not be had to proceedings under the provisions of these statutes to adjudicate rights under a contract. *In re Estate of Black,* 145 Ohio St., 405, 62 N. E. (2d), 90, and *In re Estate of Leiby,* 157 Ohio St., 374, 105 N. E. (2d), 583. The law thus expressed is still the law of Ohio, binding on this court and the Probate Court, for the decision of the Supreme Court in the case of *In re Estate of Fife,* 164 Ohio St., 449, 132 N. E. (2d), 185, cited by appellant neither reversed nor modified that court's earlier decisions in this respect.

The complaint herein filed, as amended pursuant to complainant's motion, has reference merely to the right of possession of certain securities, and there is no complaint or evidence herein that anyone has concealed or embezzled, nor is there any evidence that anyone has conveyed away any property belonging to the decedent or his estate. From the evidence adduced it appears that the right to possession of the securities in question depends on the interpretation, application, validity, and enforceability of a variety of contracts including the three promissory notes, the written trust agreement executed at the time of the reorganization of the bank, the various agreements of pledge, both written and oral, and such express or implied agreements pertaining to the right of Ralph McElroy and the existing First National Bank of Forest to possess these securities as agents for others. The evidence thus establishes that the right to possession cannot be determined except by "adjudication of rights under contracts," and the Probate Court has no jurisdiction in a proceeding brought under these statutory sections to adjudicate such rights.

The evidence failing to prove the type of possession sub-

ject to the jurisdiction of the court under the provisions of Section 2109.50 *et seq.*, Revised Code, the court could only dismiss the complaint and enter judgment in favor of the respondents.

Although the court has arrived at findings of fact and conclusions of law which may prove to be consistent with such determinations in an appropriate action tried with all necessary parties before an appropriate court, nevertheless any and all determinations by the court in this action with respect to the interpretation, application, validity, and enforceability of the various contracts and the rights of title or possession thereunder, except to the extent necessary to show that contractual rights had to be adjudicated, were in excess of the court's jurisdiction.

Such being the case, the judgment of the lower court must be modified by striking therefrom all findings and orders adjudicating rights under contracts and inconsistent with the mere determination and judgment that the evidence relating to right of possession raised issues requiring an adjudication of rights under contracts, which adjudication was outside the jurisdiction of the court in this proceeding, that for lack of proof of guilt thereof respondents be found not guilty of the charge in the complaint, and, that the complaint, as amended, be dismissed at the costs of the complainant. The lower court did not err in its judgment as so modified.

As so modified this court affirms the judgment of the lower court and, entering the judgment the lower court should have rendered, enters final judgment accordingly, the costs of proceedings in this court being also taxed to the complainant.

*Judgment accordingly.*

YOUNGER, P. J., GUERNSEY and MIDDLETON, JJ., concur.