DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Lawrence County Court of Common Pleas, which granted the motion for summary judgment of Defendants-Appellees Emma Belle Sheets, Carolyn E. Smith, and Johnna Jones.
The trial court granted appellees' summary-judgment motion on three grounds: (1) because Plaintiffs-Appellants Robert R. and Carolyn M. Templeton failed to notify or demand appellees to defend them; (2) on the basis of the doctrine of laches; and (3) on the basis of the doctrine of waiver.
Appellants argue that each of these bases is unfounded. We agree and reverse the decision of the trial court.
 STATEMENT OF THE CASE AND FACTS
Our review of the record reveals the following facts pertinent to the instant appeal.
On or about June 23, 1993, Defendants-Appellees Emma Belle Sheets, Carolyn E. Smith, and Johnna Jones conveyed in fee simple absolute, by warranty deed, a tract of land located in Chesapeake, Ohio, to Plaintiffs-Appellants Robert R. and Carolyn M. Templeton for the amount of $36,000.
In 1994, Tressa Stover, an adjoining landowner, filed a complaint in the Lawrence County Court of Common Pleas, naming appellees and Appellant Robert Templeton as defendants; Appellant Carolyn Templeton was not named in this action. Ms. Stover argued in her complaint that she had obtained equitable title to a small portion of the property — now owned by appellants — by means of adverse possession.
In November 1994, with the consent of all of the parties, appellees were dismissed from this action. Appellant Robert Templeton did not request that appellees defend him in the action; conversely, appellees did not offer to defend Appellant Robert Templeton.
On or about September 12, 1996, Ms. Stover filed a second complaint in the Lawrence County Court of Common Pleas, this time naming only Appellants Carolyn and Robert Templeton as defendants; appellees were not named as parties in this action. Ms. Stover made precisely the same allegations in this complaint as she had in her first complaint. Appellants did not notify appellees of the filing of this lawsuit.
On April 30, 1997, the trial court issued its judgment entry, consolidating the two actions and finding in favor of Ms. Stover: she was awarded title, by adverse possession, of a 1.38-foot strip of land running along the property's western boundary. The trial court quieted title in the balance of the property with appellants.
Nearly three years later, on January 24, 2000, appellants filed a complaint in the Lawrence County Court of Common Pleas, requesting "damages in an amount exceeding $25,000, for prejudgment interest, for their attorneys' fees in the present action, for their costs incurred herein and for such other and further relief as the court may find just."
On August 9, 2000, appellees filed a motion for summary judgment arguing the following three grounds as bases for the trial court to find in their favor.
First, appellees asserted that "[appellants] failed to notify and make demand upon [appellees] * * * to undertake the legal defense * * * of two suits brought * * * by [Ms.] Stover, * * * even though [appellants] had every opportunity to make such notice and demand while said litigation was pending."
Second, appellees contended that "[Ms. Stover's concrete sidewalk was plainly visible upon the land, and [appellants] should have [ascertained] the exact property boundaries before purchasing the land * * * from [appellees] * * * who * * * were unaware of the exact boundaries of the land. [Caveat emptor] should apply."
Third, and finally, appellees argued the following.
 The doctrine of [laches] should bar this * * * action, as [appellants] waited nearly six * * * years to assert this claim when [it] could have been asserted as part of a cross-claim in the initial Stover litigation, and as the Stover litigation has been concluded for three years. [Appellees] are unfairly prejudiced by this delay as they were not afforded the opportunity to undertake the defense of [appellants] in connection with the Stover suits, thereby saddling [appellees] with [appellants'] outcome in the Stover suits.
On August 24, 2000, appellants filed a response to appellees' summary-judgment motion, arguing that the three grounds appellees argued in their summary-judgment motion were baseless.
On August 30, 2000, the trial court held oral arguments on appellants' summary-judgment motion.
On September 11, 2000, the trial court issued its judgment entry granting appellees' summary-judgment motion. The trial court found in favor of appellees on each of the three grounds asserted in their summary-judgment motion.
As to appellees' first ground, that the failure to notify or demand appellees to defend appellants relieved appellees of liability, the trial court found that "it would be inequitable to bind [appellees] by [appellants'] costly and needlessly unilateral handling of the property dispute."
The trial court ignored appellees' second ground, that the doctrine of caveat emptor should preclude recovery by appellants, and instead applied the waiver doctrine. The lower court held that, because appellants "consented in writing to dismissal, with prejudice, of the claims," (Emphasis sic.) that they had "waived any possible claims against [appellees] under the covenant of warranty based on the adverse claims, and they are now estopped from bringing those claims in this subsequent action."
As to appellees' third ground, that the doctrine of laches should preclude recovery by appellants, the trial court held that "[appellees] have obviously been prejudiced by [appellants'] unilateral handling of the dispute with the adverse claimant, as [appellees] had no opportunity to resolve the matter in a more economical manner. Therefore, the doctrine of laches now bars [appellants'] claims against [appellees] on the warranty."
Appellants timely filed an appeal from this order.
 ISSUES PRESENTED
Appellants failed to properly set forth assignments of error in their brief to this Court as required by App.R. 16(A). We remind appellants that we may summarily reject a brief that is not compliant with the Rules of Appellate Procedure. See Hawley v. Ritley (1988), 35 Ohio St.3d 157,519 N.E.2d 390; accord Contel Credit Corp. v. Rosenblatt (1988),43 Ohio App.3d 113, 539 N.E.2d 708; Hubbard v. Laurelwood Hosp. (1993),85 Ohio App.3d 607, 620 N.E.2d 895.
However, in the interest of justice we shall review the arguments presented in appellants' brief to this Court as if they were properly presented to us as assignments of error. See Vlahos v. Spina (May 26, 1998), Butler App. No. CA97-02-028, unreported, 1998 Ohio App. LEXIS 2276.
Appellants, in the opening paragraph of the argument section of their brief, stated the following.
The trial court granted summary judgment to [appellees] on three grounds: (1) [appellants] had failed to give proper notice and demand to defend upon [appellees] and therefore were barred from recovering damages for attorney fees and costs; (2) [appellants] were guilty of [laches]; and (3) [appellants] were precluded from recovery by their alleged waiver. It will be shown that each one of these alleged grounds for summary judgment is specious.
Accordingly, we fashion the following three assignments of error from appellants' brief.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE BASIS THAT APPELLANTS FAILED TO NOTIFY OR DEMAND APPELLEES TO DEFEND THEM.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF THE DOCTRINE OF LACHES.
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF WAIVER.
 ANALYSIS
At the outset, we must determine whether appellees had an obligation to defend appellants against Ms. Stover's adverse-possession claim. For, if appellees had no such obligation, then appellants' arguments — each resulting in the conclusion that they should be awarded damages despite undertaking the defense themselves — are of no consequence. See, generally, South Pacific Terminal Co. v. Interstate Commerce Comm. (1910), 219 U.S. 498, 514, 31 S.Ct. 279, 283 (explaining that "[i]t is not the duty of a court to decide purely academic or abstract questions").
Black's Law Dictionary defines a warranty deed as "[a] deed containing one or more covenants of title; [especially], a deed that expressly guarantees the grantor's good, clear title and that contains covenants concerning the quality of title * * *." Black's Law Dictionary (Seventh Ed.Rev.1999) 424.
The covenant of warranty "is an undertaking by the warrantor that on the failure of the title which the deed purports to convey, either for the whole estate or for a part only, by the setting up of a superior title, that he will make compensation in money for the loss sustained by such failure." King v. Kerr's Adm'rs (1831), 5 Ohio 154; see People's Sav. Bank Co. v. Parisette (1903), 68 Ohio St. 450, 67 N.E. 896; 35 Ohio Jurisprudence 3d (1982) 137, Deeds, Section 138.
Moreover, "[t]he obligation of the covenant of warranty in a warranty deed is not that the covenantor is the true owner or that he is seized in fee with the right to convey, but that he will defend and protect the covenantee against the rightful claims of all persons." (Emphasis added.) Morgan v. Reese (1954), 99 Ohio App. 473, 134 N.E.2d 581, paragraph one of the syllabus.
As for the facts in the record, it is undisputed that at the date of the deed, and for some time before and after, Ms. Stover was asserting title in herself, by way of adverse possession, to the 1.38-foot strip of land running along the subject property's western boundary.
Accordingly, it is clear that appellees did have the obligation to defend appellants against Ms. Stover's adverse-possession claim. See, generally, R.C. 5302.06 ("In a conveyance of real estate, * * * 'general warranty covenants' have the full force, meaning, and effect of the following words: * * * that he does warrant and will defend the same to the grantee and his heirs, assigns, and successors, forever, against the lawful claims and demands of all persons." (Emphasis added.)).
Consequently, we must address whether, under the particular circumstances presented in the case sub judice, appellants may be entitled to relief, despite defending the action themselves. Specifically, we must evaluate the trial court's decision to grant appellees' motion for summary judgment.
Appellate review of a trial court's ruling granting a summary-judgment motion is de novo. See Wille v. Hunkar Laboratories, Inc. (1998),132 Ohio App.3d 92, 724 N.E.2d 492; accord Lee v. Sunnyside Honda (1998), 128 Ohio App.3d 657, 716 N.E.2d 285. Accordingly, we must evaluate, wholly independent of the trial court's determination, whether appellees' summary-judgment motion should have been granted.
The standard of review in summary-judgment cases is well-settled. The Supreme Court of Ohio, in Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 696 N.E.2d 201, explained the appropriate analysis as follows.
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor.
Id. at 370, 696 N.E.2d at 204.
The parties in the case sub judice are in agreement as to the facts. Thus, the first prong of the Zivich analysis is met and we must proceed to evaluate the second two prongs: whether the party is entitled to judgment as a matter of law, and whether reasonable minds could conclude only in favor of appellees.
Within the foregoing framework, we evaluate what we have characterized as appellants' three assignments of error.
 I.
In what we have characterized as appellants' First Assignment of Error, appellants argue that the trial court erred by granting appellees' motion for summary judgment on the basis that appellants failed to notify or demand appellees to defend them. We agree.
First, it cannot be rightly said that appellees had no notice of Ms. Stover's lawsuit when appellees were named as co-defendants, with Appellant Robert Templeton, in Ms. Stover's initial action. Clearly, appellees could have requested to assume the defense of Appellant Robert Templeton, but elected to do otherwise.
Additional notice of the subsequent lawsuit naming Appellant Carolyn Templeton — which also named Appellant Robert Templeton, and involved precisely the same issues — was unnecessary because it was ultimately consolidated with Ms. Stover's initial lawsuit. The notice bell was not "unrung" by dismissing appellees as defendants from an action that remained pending.
Moreover, appellees cannot now "take advantage of an error which [they themselves] invited or induced." Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co. (1986), 28 Ohio St.3d 20, 502 N.E.2d 590, paragraph one of the syllabus; see State ex rel. Lowery v. Cleveland (1993), 67 Ohio St.3d 126,128, 616 N.E.2d 233, 234; State v. Wigglesworth (1969), 18 Ohio St.2d 171,180-181, 248 N.E.2d 607, 614.
Second, the Supreme Court of Ohio has addressed this issue and held that notice is not required in order to sustain an action for breach of a covenant. In King v. Kerr's Adm'rs (1831), 5 Ohio 154, the Supreme Court of Ohio held, as syllabus law, that "[t]he holder of a covenant of warranty * * * may maintain a separate action against every intermediate warrantor, which he may prosecute to judgment * * *[;] it is not necessary to give notice to the warrantor that the ejectment is brought upon which the eviction is had." Id. at 154; accord 35 Ohio Jurisprudence 3d (1982) 137, Deeds, Section 137 (explaining that "[t]he giving of such notice is not necessary in order to sustain an action against the covenantor for breach of covenant"). King is standing precedent and has not been overruled.
The trial court addressed King in its judgment entry, agreeing that it "squarely addressed the issue of notice and demand for defense of a title * * *." However, the trial court went on to say that "this court declines to follow its outdated and inequitable precedent."
The trial court then proceeded to discuss Lane v. Fury (1877),31 Ohio St. 574. The trial court put much reliance on the Lane Court's statement that "[Mr. Lane] was notified of these suits, and requested to defend the action to recover possession, and to assist in prosecuting the other suit, but disregarded the notice." Id. at 574.
The trial court's reliance on Lane is misplaced. The portion of Lane that the trial court relied on is in no way a statement of law. See State ex rel. Kaylor v. Bruening (1997), 80 Ohio St.3d 142,684 N.E.2d 1228. Indeed, the trial court seems to recognize this in its dubious statement that "[Lane] appears to indicate an appreciation of the importance of notice and demand to defend."
It is simply erroneous to suggest to any degree that Lane overrules the syllabus law of King. See Artromick Int'l, Inc. v. Koch (Jan. 11, 2001), Franklin App. No. 00AP-406, unreported, 2001 Ohio App. LEXIS 43.
It is axiomatic that the opinions of the Supreme Court of Ohio, until overruled, are binding on all Ohio courts and should not be disregarded simply because the opinion is old. See, e.g., Smith v. Simpson (1959),111 Ohio App. 36, 37, 170 N.E.2d 433, 434 (explaining that "[t]he law thus expressed is still the law of Ohio, binding on this court * * *, for the decision of the Supreme Court * * * neither reversed nor modified [its] earlier decision in this respect"); see Whiteside, Ohio Appellate Practice (2001 Ed.) 38, Section 1.48.
We conclude our analysis of this assignment of error with the apt admonition of Justice Roberts in his famed dissenting opinion from Mahnich v. Southern S.S. Co. (1944), 321 U.S. 96, 64 S.Ct. 455.
 Of course the law may grow to meet changing conditions. I do not advocate slavish adherence to authority where new conditions require new rules of conduct. But this is not such a case. The tendency to disregard precedents in the decision of cases like the present has become so strong * * * as, in my view, to shake confidence in the consistency of decision and leave the courts * * * on an uncharted sea of doubt and difficulty without any confidence that what was said yesterday will hold good tomorrow * * *.
Id. at 113, 64 S.Ct. at 463-464 (Roberts, J., dissenting).
Thus, as a matter of law, appellees are not entitled to summary judgment on this issue. See Zivich, supra.
We SUSTAIN what we have characterized as appellants' First Assignment of Error.
 II.
In what we have characterized as appellants' Second Assignment of Error, appellants argue that the trial court erred by granting appellees' motion for summary judgment on the basis of the doctrine of laches. We agree.
Laches is "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Connin v. Bailey (1984), 15 Ohio St.3d 34, 35,472 N.E.2d 328, 329. This prejudice must be material: "Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." (Emphasis added.) Smith v. Smith (1959), 168 Ohio St. 447, 156 N.E.2d 113, paragraph three of the syllabus.
Thus, the question in this case becomes whether "facts have been stated to persuade the conscience of the court to grant appellant[s] relief from the rights asserted by appellee[s]." Id. at 456, 156 N.E.2d at 120.
Here, the trial court addressed appellees' prejudice as follows. "[Appellees] have obviously been prejudiced by [appellants'] unilateral handling of the dispute with [Ms. Stover], as [appellees] had no opportunity to resolve the matter in a more economical manner."
As we discussed in addressing appellants' First Assignment of Error, appellees had actual notice of Ms. Stover's lawsuit against Appellant Robert Templeton because they were initially named as co-defendants in the action. Appellees certainly could have requested to defend appellants, but elected otherwise.
Moreover, obviously, the prejudice element of the laches analysis must relate to the delay. See, generally, Smith, supra. The prejudice articulated by the trial court, and endorsed by appellees, is that, had appellees defended appellants, it would have been less costly. Such alleged prejudice in no way relates to delay. "[S]ince defendant has shown no material prejudice resulting from plaintiff's delay in asserting her rights, he clearly has not shown facts which entitle him to relief through the application of the doctrine of laches." Smith v. Smith,168 Ohio St. at 457, 156 N.E.2d at 120.
Accordingly, in the context of appellees' laches argument, appellees have failed to articulate any prejudice that resulted from appellants' delay in bringing their breach-of-warranty claim. See Smith, supra. Thus, as a matter of law, appellees are not entitled to summary judgment on this issue. See Zivich, supra.
We SUSTAIN what we have characterized as appellants' Second Assignment of Error.
 III.
In what we have characterized as appellants' Third Assignment of Error, appellants argue that the trial court erred by granting appellees' motion for summary judgment on the basis of waiver. We agree.
On the issue of waiver, the trial court reasoned as follows.
 In the original action between [appellants, appellees, and Ms. Stover, appellants] consented in writing to dismissal, with prejudice, of [Ms. Stover's] claims against [appellees], thereby excluding them from participating in the defense of that action and from being named as defendants in any other such action by [Ms. Stover]. By this affirmative act, [appellants] waived any possible claims against [appellees] under the covenant of warranty based on the adverse claim, and they are now estopped from bringing those claims in this subsequent action.
(Emphasis sic.).
There is nothing in the record indicating that appellants had intended, expressly or otherwise, to dismiss claims brought by appellants against appellees. See, generally, Chubb v. Ohio Bur. of Workers' Comp. (1998), 81 Ohio St.3d 275, 278, 690 N.E.2d 1267, 1269 (defining waiver as a "voluntary relinquishment of a known right" (Emphasis added.)); accord State ex rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors (1996),75 Ohio St.3d 611, 616, 665 N.E.2d 202, 207. Indeed, neither the trial court nor appellees argue that the language of the dismissal expressly dismissed any claim between appellants and appellees. Rather, it is argued that appellants, by agreeing to dismiss appellees from the lawsuit brought by Ms. Stover, effectively waived their right to bring any subsequent action against appellees.
The fact that appellants did not bring their breach-of-warranty claim against appellees in Ms. Stover's lawsuit, before appellees were dismissed, does not bar appellants from asserting the same claim in a subsequent lawsuit. Trial courts must be cautious when applying the waiver doctrine not to confuse counterclaims with cross-claims.
A counterclaim is a claim which a pleader has against an opposing party; a cross-claim is against a co-party. See Civ.R. 13. The chief difference between the two claims, as it relates to this matter, is that counterclaims can be permissive or compulsory, while cross-claims are only permissive. See Civ.R. 13; see, e.g., Huntington Nat'l Bank v. Ross (1998), 130 Ohio App.3d 687, 694, 720 N.E.2d 1000, 1005 (holding that "cross-claims * * * are not compulsory or mandatory"); cf. Detroit, T. 
I. R. Co. v. Pitzer (1943), 42 Ohio Law Abs. 494, 61 N.E.2d 93; see, generally, Stephani and Weissenberger, Weissenberger's Ohio Civil Procedure 2001 Litigation Manual (2001) 118 (The authors explain that "the assertion of all cross-claims is at the discretion of the parties. No party is required to assert a cross-claim * * *."); accord 73 Ohio Jurisprudence 3d (1982) 29-30, Pleading, Section 241; 73 Ohio Jurisprudence 3d (1982) 53-59, Parties, Section 40-46. Thus, if a cross-claim is not brought, the defendant would not be barred from asserting that same claim as a cause of action in a subsequent lawsuit. See Huntington Nat'l Bank v. Ross, 130 Ohio App.3d at 687,720 N.E.2d at 1005.
Here, the claim that the trial court found to be waived was one between co-parties: between appellants and appellees. As we have explained, failure to assert a cross-claim in one action does not bar that defendant from litigating that claim as a cause of action in a subsequent suit. See, generally, Sedlak v. City of Solon (Oct. 26, 1993), Franklin App. No. 93AP-813, unreported, 1993 Ohio App. LEXIS 5215 ("Cross-claim is the only method by which co-defendants can assert claims against each other in the original cause of action. The Civil Rules do not provide for the assertion of counterclaims against co-parties. * * * As such, [the appellant's] only recourse is to file an original action against [the appellee.]"); see 75 Ohio Jurisprudence 3d (1982) 94, Pleading, Section 296.
Accordingly, we find that appellants did not waive their breach-of-warranty claim by approving the dismissal of appellees from Ms. Stover's lawsuit. Thus, as a matter of law, appellees are not entitled to summary judgment on this issue. See Zivich, supra.
We SUSTAIN what we have characterized as appellants' Third Assignment of Error.
 CONCLUSION
For the foregoing reasons, we SUSTAIN what we have characterized as appellants' assignments of error and REVERSE the judgment of the Lawrence County Court of Common Pleas. The cause is REMANDED for further proceedings not inconsistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause be remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellees.
This Court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the LAWRENCE COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
Kline, J.: Concurs in Judgment Only.
Harsha, J.: Dissents with Dissenting Opinion.