## CONTRACT BY HUSBAND TO CONVEY BY GOOD WARRANTY DEED NOT A STIPULATION AS TO DOWER OR INCUMBRANCES.

THE PEOPLES' SAVINGS BANK CO. v. PARISETTE ET AL.

Decided, June 2, 1903—68 Ohio State, p. 450.

*Vendor of Land Obligates Himself to Convey—By Good Warranty. etc.—No Stipulation Against Incumbrances and Dower Right— Wife Need not Join in Deed, When—Vendee Aware of Facts— Court Will not Decree Specific Performance—Against Husband with Abatement of Value of Wife's Dower.*

1. Where a vendor of land has obligated himself by written contract to convey "by good warranty deed and abstract of title from organization of county," but the contract contains no stipulation for

a deed containing a covenant against incumbrances generally, and none against any inchoate dower right, it is not essential to the performance of the contract by the vendor that his wife should join in the deed and release her right of dower.

2. Where, in an action brought in a court of equity to enforce the specific performance of a contract for the sale of land by the purchaser against a married man, the owner of the fee, who alone signed the contract, it appears by the contract itself that some one other than the husband was expected to sign it but has not done so, and the contract contains a stipulation to convey by a good warranty deed, but contains no agreement for a covenant against incumbrances, and it appears further that the wife has not agreed to sign such contract or in any way release her inchoate right of dower in the land, and that the purchaser at the time knew that the vendor had a wife who would under the law be entitled to a right of dower, and there is no collusion between the husband and wife relating to the contract or deed, the court will not decree specific performance against the husband with an abatement in the contract price of the land of the estimated value of the prospective dower of the wife.

Error to the Circuit Court of Summit County.

The plaintiff in error, The Peoples' Savings Bank Co., was plaintiff in the courts below. Its action was brought against Charles Parisette and his wife, Susan Parisette, to enforce specific performance of a land contract for certain lands in the city of Akron, executed by the husband alone. The contract was of the kind known as an optional contract in which it was recited that "for and in consideration of fifty dollars, received to the full satisfaction of F. J. Wettach, the receipt of which is hereby acknowledged, we do hereby give said F. J. Wettach, his heirs and assigns, the refusal to purchase of us until December 15, 1900, for the sum of $24,000, * * * the following described tract of land," [description follows], and "if said F. J. Wettach, his heirs or assigns, at any time, on or before said date, pays the said sum as above set forth, we do hereby bind ourselves, our heirs, administrators or assigns, to convey to said F. J. Wettach, his heirs, administrators or assigns, by good warranty deed and abstract of title from organization of county, of said above tract or lot of land."

Issue being joined by separate answers and reply, the cause was tried in the common pleas, and by the plaintiff appealed to the circuit court. That court found the ultimate issue for the

defendants. The facts specially found are in substance: That Charles Parisette, at the time of giving the option, was the owner in fee of the premises. Susan Parisette then was and now is his wife. She has an inchoate right of dower in the premises, and no other interest therein. Wettach was the duly authorized agent of Charles Parisette for the sale of the premises, and the option was given to him to aid in a sale. Susan never signed or agreed to sign any contract or deed for a sale of the premises, and never agreed to sell the same, or to release her inchoate dower therein. Wettach duly assigned the option to the plaintiff company, and it paid the fifty dollars. Within the life of the option the company elected to take the premises on the terms stated, and so notified Charles, who then refused to make a conveyance. On December 13, 1900, and within the life of the option, the company tendered Charles the full balance in lawful money and demanded a deed of the premises as provided for in the option, which he again refused. Plaintiff company knew that Charles Parisette had a wife living at the time he signed the option. There was no collusion between Charles Parisette and his wife relating to said option or deed. On December 21, 1900, Charles Parisette duly tendered the plaintiff a good warranty deed for the premises, properly executed and signed by himself alone, and ever since has been ready and willing to deliver said deed, but plaintiff refused and still refuses to accept such deed.

From the foregoing the court finds as matter of law: (1) That the plaintiff is entitled to no relief against Susan Parisette. (2) That the plaintiff is not entitled to a warranty deed for said premises from the said Charles Parisette, except upon payment to him of the entire unpaid portion of the purchase money provided for in the option given by him. Judgment as to costs followed accordingly, from which the plaintiff company brings error.

Then follows the specific order that the said Charles Parisette deliver to said plaintiff, on its request so to do, the deed heretofore tendered by him to plaintiff upon the payment, of said plaintiff to said defendant, Charles Parisette, of the balance due on said contract, to-wit, the sum of $23,950.

*Nathan Morse,* for plaintiff in error.

*Stuart & Stuart,* for defendants in error.

SPEAR, J.; BURKET, C. J., DAVIS, SHAUCK, PRICE and CREW, JJ., concur.

It is insisted by counsel for plaintiff in error that the stipulation in the option is for a deed conveying the entire property free from any and all rights, claims, and incumbrances, and of the latter class is the inchoate right of dower; that the obligation, therefore, rested on the vendor to clear the title, and convey free of all claims of every kind; that failing in this the vendee should have been allowed to retain so much of the purchase money as will protect his title against such inchoate right of dower, and the vendor decreed to convey on receiving the remaining part of the purchase money, and that the refusal of the circuit court to so adjudge was error.

This proposition of counsel assumes that a wife's inchoate right of dower is an incumbrance on her husband's land, and that the optional contract contains a stipulation on the part of the vendor that he will convey by deed embracing a covenant against incumbrances. While the first proposition seems never to have been distinctly decided in Ohio, the law is so held by courts of last resort in a number of the states, notably Maine, Massachusetts, Indiana, Wisconsin, Iowa and Michigan, and it is declared by Judge Scribner, in his admirable work on "Dower" (Vol. 2, p. 3), after a review of the authorities, that:

"A right of dower, although inchoate, is so far an incumbrance upon the lands on which it attaches as to be within the operation of the ordinary covenant against incumbrances."

But if this proposition be conceded, still the plaintiff must establish that the contract binds the vendor to convey by deed containing the usual covenant against incumbrances. It is clear that there is not a specific stipulation to that effect. The language is: "By a good warranty deed and abstract of title from organization of county." The term "warranty" usually implies a warranty of the title, and that it was the matter of title that the parties had in mind in framing this stipulation is manifest from the terms used. The purchaser was to have in his deed a warranty of title, and accompanying the deed an abstract of title. A covenant of warranty and a covenant against incumbrances are essentially different in their nature. A breach of the one is ordinarily attended by consequences differing from those following

a breach of the other. The former is in the nature of a covenant for quiet enjoyment. As well defined by Collett, J., in *King* v. *Kerr,* 5 Ohio, 155, it "is an undertaking by the warrantor that on the failure of the title which the deed purports to convey, either for the whole estate or for a part only, by the setting up of a superior title, that he will make compensation in money for the loss sustained by such failure. * * * This covenant is not broken until the grantee, his heir or assignee, is evicted from or disturbed in the enjoyment of the premises, or a part of them, by the setting up of a superior or paramount title." To which may be added the qualification that the covenant may be broken by any disturbance of possession which is equivalent to an eviction. The latter covenant is a stipulation against all right to, or interest in, the land which may subsist in third persons to the diminution of the value of the estate, though consistent with the passing of the fee by the deed, and such covenant, if there be an incumbrance, is broken so soon as made. We are aware that it has been held, here and there, that an agreement for a good and sufficient warranty deed implies a deed embracing covenants usually contained in deeds in this state, but we are not aware of any authoritative holding to the effect that the term "good warranty deed," where used in a contract in direct connection with the matter of title, implies, as conclusion of law, more than it expresses, and we are not ready in this case, under the peculiar facts of it, to affirm the unqualified position of counsel in this respect. Indeed as we understand it the settled rule is that a covenant of general warranty, by itself, does not include a covenant against incumbrances (*Bostwick* v. *Williams,* 36 Ill., 65) ; and it is stated unqualifiedly by a learned author that a covenant of warranty is not broken by an outstanding inchoate right of dower (3 Washburn on Real Prop., Section 2389). Manifestly it could not be. Even though it be conceded that the covenant of warranty is sufficient to cover a claim for dower, yet there has been no eviction, and nothing equivalent to an eviction. There has, therefore, been no breach, and there may never be. In a situation where the dower right has become consummate, and the claim prosecuted so that the purchaser has been deprived of the possession of a portion of the land, a different case is presented (*Johnson* v. *Nyce,* 17 Ohio, 66; *Nyce* v. *Obertz,* 17 Ohio, 71). If this position is maintainable, and it is difficult to see why it is not, it would be a full answer

to the demand for a decree against the husband requiring a conveyance embracing a release of dower by the wife to say that he had incurred no obligation to that effect, and therefore it is not essential to the performance of his contract that his wife should join in the deed and release her right of dower; and the conclusion would also afford a full answer to the demand that a portion of the purchase money be withheld until the dower right becomes consummate, or is extinguished by the decease of the wife.

But suppose this position be doubted, still there is another phase of the case which we are unanimous in thinking satisfactorily disposes of it. Let us inquire more specifically into the terms of the agreement, and the inferences to be drawn from it. What was the contract specific performance of which plaintiff demanded, and what the breach, if any? The parties were the vendor, the husband, and the vendee, the plaintiff. The paper itself carries the information that it was when drawn contemplated to be executed by some one other than the vendor, and since the plaintiff was aware that he had a wife living, the inference is natural that she was the person whose signature had been expected. The paper further showed that she had not signed, and the fact found is that she had made no agreement to sign or sell the property, or release her inchoate right of dower. Furthermore, the absence of her signature would suggest a refusal by her. The company knew, therefore, that it was dealing with the husband alone as to his right and title in the property; it knew that the wife could not be compelled to sign, and that, therefore, the contract was impossible of specific execution if construed to include her dower. It knew that it was accepting a contract which on its face did not purport to sell any interest but that of the husband, and especially did not purport to sell or agree to convey any inchoate dower of the wife. In this situation of affairs the company chose to agree to pay the stipulated price for just what the option purported to sell. No fraud, or overreaching, or mistake of any kind, is charged. The vendor is ready to convey just what the stated terms of his contract obligate him to convey. How can the company reasonably demand that the court import into the contract a stipulation to convey by a deed containing a covenant against this dower right, when no agreement of that character, nor respecting incumbrances of any kind, is expressed, and when in all prob-

ability, had such a demand been made of the vendor, he would have refused to comply with it? We think it can not. The effect of the construction contended for by counsel would be either to attempt to arrive at a sum to be deducted absolutely by a process admittedly speculative, or to suspend the payment of a considerable portion of the purchase money to the grantor during the joint lives of himself and his wife, which, it seems to us, could never have been within the contemplation of the parties when this optional contract was signed. Plaintiff was in a court of equity pressing an inequitable demand. We think it was properly refused. On the plaintiff's own construction of the option the company is in the attitude of one who takes the promise of another to do that which it is known he can not perform except by the concurrence of a third person. Such purchaser contracts with full notice of the uncertainty attending the seller's ability to perform, and, not having been misled to his injury, can not now ask the extraordinary aid of a court of conscience in repairing such loss, if any, as he has sustained by the vendor's failure to complete his contract.

A number of cases cited by counsel in his brief hold the contrary doctrine, but our conclusion is in accord with the holding of this court in *Lucas* v. *Scott,* 41 Ohio St., 636. It is also the doctrine of the English courts, for which see Pomeroy on Con., Secs. 442, 458, 461; *Castle* v. *Wilkinson,* L. R., 5 Ch., 534, and *James* v. *Litchfield,* L. R., 9 Eq., 51. Likewise of the courts of New Jersey, Pennsylvania and Illinois. *Hulmes* v. *Thorpe,* 5 N. J. Ch., 415; *Young* v. *Paul;* 2 Stock., 401; *Hawralty* v. *Warren,* 18 N. J. Eq., 124; *Welsh* v. *Bayaud,* 21 N. J. Eq., 186; *Reilly* v. *Smith,* 25 N. J. Eq., 158; *Peeler* v. *Levy,* 26 N. J. Eq., 330; *Clark* v. *Seirer,* 7 Watts, 107; *Riesz's Appeal,* 73 Pa. St., 485; *Humphrey* v. *Clement,* 44 Ill., 299. See also, *Bostwick* v. *Williams, supra,* and 2 Story's Eq., Secs. 730, 731, 732, 733, 734 and 735.

*The judgment and order as rendered is affirmed.*