STATE EX REL. LEWIS SOLLER v. JAMES A. BROWN, CLERK.

MANDAMUS WILL NOT LIE TO COMPEL A CLERK OF COURTS TO COMPLY WITH AN ORDER OF COURT WHERE HIS REFUSAL IS BASED UPON A DISPUTE AS TO THE INTERPRETATION OF THE ORDER.

Where a court has ordered a party to an action then pending, to deliver to the clerk of the court a good and sufficient warranty deed to certain property, and has directed the clerk to pay over to the said party the purchase price of the property in question, then in the hands of the clerk, such party may not, by suit in mandamus, compel the clerk to comply with the order on his tender of a deed, where a dispute arises as to the sufficiency of the deed under the order. His proper remedy is to have the dispute determined by a motion filed in the original case.

[Syllabus approved by the court.]

MANDAMUS.

F. S. Gates, for plaintiff.
C. C. Lemert, for defendant.

McCARTY, J.

This is a mandamus proceeding, the nature of which cannot be better stated than by reading the pleadings:

"The relator says that the defendant is the clerk of the courts of Muskingum county, Ohio, and duly qualified and acting as such; that at the September term of the court of common pleas of Muskingum county, Ohio, a certain action was pending in said courts, wherein Louis Soller was the plaintiff and Andrew Arnold was the defendant; and at said term, to wit, on the ninth day of September, A. D. 1905, it was ordered by said court that Louis Soller, the plaintiff in said action, should within ten days execute and deliver to said defendant a good and sufficient deed for certain real estate therein described. Said order was made by said court upon the answer and cross petition of said Andrew Arnold, praying for specific performance, and it was further ordered by said court that, upon said deed being executed and delivered as therein directed, said clerk of courts pay to plaintiff in said action, and being the relator in this action, the sum of $3,037.50, the said sum being then in the custody and control of said court, being the amount of the purchase money for said place that was found by said court to be due from said Andrew Arnold to said Louis Soller, as purchase money for said premises in said petition described.

## Muskingum County.

"The relator further says that within ten days from the ninth day of September, said deed was tendered by relator to said clerk of courts and payment of said money demanded and said clerk refused and still refuses to make payment to relator of said sum of money as ordered by the clerk as aforesaid.

"Wherefore, your relator prays that a writ of mandamus be issued commanding said defendant as clerk of said common pleas court to pay to the said relator the amount found due to him and ordered to be paid to him by said court of common pleas."

To that petition an answer has been interposed as follows:

"The defendant for answer to the petition herein filed, admits that he is the clerk of the courts of Muskingum county, Ohio, and duly qualified and acting as such, and that at the September term of the court of common pleas of Muskingum county, Ohio, a certain action was pending in said courts, wherein Louis Soller was the plaintiff and Andrew Arnold was the defendant.

Defendant further answering says that it is not true that on or about September 9, A. D. 1905, it was ordered by said court that Louis Soller, the plaintiff in said action, should within ten days execute and deliver to said defendant a good and sufficient deed for the real estate therein described, but on the other hand that on said date it was ordered by said court that Louis Soller, the plaintiff in said action, should within ten days execute and deliver to said defendant a good and sufficient warranty deed for the real estate therein described; that it is not true that said order was made by said court upon the answer and cross petition of said Andrew Arnold praying for specific performance, but that said order was made upon the amended answer and cross petition of said Andrew Arnold.

Defendant further answering says that it was, by the court, further ordered that upon a good and sufficient warranty deed being executed and delivered to the said Andrew Arnold, as therein directed, this defendant was to pay to the said Louis Soller the sum of $3,037.50, and this answering defendant admits that said sum was then and there in the custody and control of said court, the same being the amount of the purchase money for said premises that was found by said court to be due from said Andrew Arnold to said Louis Soller as and for purchase money for said premises in the petition described. This answering defendant says that it is not true that within ten days from September 9 a good and sufficient warranty deed was tendered him by the relator herein, but admits that the relator herein, through his attorney, tendered him a deed signed only by Louis Soller who was at that time

State v. Brown.

a married man and whose wife was then and there living, which fact was known to this defendant, and that said deed was only signed by Louis Soller, which deed this defendant refused and still refuses to accept for the reason that the same is not a good and sufficient warranty deed, as was ordered by the court to be made.

Wherefore, this defendant prays that this writ of mandamus be dismissed at the cost of relator herein and for all other relief that is just, equitable, and proper."

These are all the pleadings in this case, and the question propounded to us is whether or not the plaintiff relator is entitled to the specific remedy of mandamus.

We have been referred to some authorities, one of which is *Peoples' Sav. Bank Co.* v. *Parisette,* 68 Ohio St. 450 [67 N. E. Rep. 896; 96 Am. St. Rep. 672]:

"Where a vendor of land has obligated himself by written contract to convey 'by good warranty deed and abstract of title from organization of county,' but the contract contains no stipulation for a deed containing a covenant against incumbrances generally, and none against any inchoate dower right, it is not essential to the performance of the contract by the vendor that his wife should join in the deed and release her right of dower.

"Where, in an action brought in a court of equity to enforce the specific performance of a contract for the sale of land by the purchaser against a married man, the owner of the fee, who alone signed the contract, it appears by the contract itself that some one other than the husband was expected to sign it but has not done so, and the contract contains a stipulation to convey by a good warranty deed, but contains no agreement for a covenant against incumbrances, and it appears further that the wife has not agreed to sign such contract or in any way release her inchoate right of dower in the land, and that the purchaser at the time knew that the vendor had a wife who would, under the law, be entitled to a right of dower, and there is no collusion between the husband and wife relating to the contract or deed, the court will not decree specific performance against the husband with an abatement in the contract price of the land of the estimated value of the prospective dower of the wife."

The claim of the defendant is, that the money is now in court, the clerk as the officer of the court being in custody of the same, and, this dispute having arisen, all that remains for the plaintiff to do is to ask that the court order in direct payment thereof, and that he, as such clerk, is not authorized or empowered to settle the dispute between the

parties, but that the plaintiff may have full relief simply by filing a motion in the original case, asking the court to find that he has complied with its order and directing the clerk to make payment thereof, and thereupon, there being full and adequate remedy at law, mandamus will not lie. We think this claim is correct. There is no reason for making the extraordinary remedy of mandamus. Plaintiff can have full and adequate remedy from such a motion, and therefore by the very terms of the statute mandamus will not lie or is not necessary. The peremptory writ is refused and costs taxed against the plaintiff. Motion for new trial overruled. Exceptions. Execution awarded.

**Donahue** and **Taggart, JJ.,** concur.