FINDLEY, APPELLEE, *v.* DAVIS, JR., APPELLANT.*

(No. 4982—Decided February 8, 1955.)

*Messrs. Key, Butler & Harrison,* for appellee.
*Mr. John R. Schickler,* for appellant.

HORNBECK, J.  This is an appeal from a decree of the Common Pleas Court directing the defendant to specifically perform a contract by executing and delivering a good and sufficient deed of general warranty to the plaintiff for the premises described in the petition and, in default thereof, that the decree shall have the force and effect of such deed.

The appeal is on questions of law and fact.  Before we examine the petition, we look at the answer wherein the defendant "admits that he made an agreement with the plaintiff as alleged in the petition of the plaintiff."  "Further [defendant] denies each and every other allegation in the plaintiff' petition not herein admitted to be true."  Defendant then denies that plaintiff offered any payment for the premises within the period of 30 days from August 2, 1951.  The petition avers

*Certified by Court of Appeals.  Dismissed by agreement of parties October 5, 1955.

that the defendant is the owner in fee simple of the property described; that on August 2, 1951, the defendant "made an agreement in writing with the plaintiff whereby he promised within 30 days thereafter in consideration of the sum of $1,650 to be paid by the plaintiff, to convey said premises to the plaintiff by a good and sufficient warranty deed with release of dower; [and] that the plaintiff offered to pay said purchase money to the defendant in exchange for the defendant's general warranty deed with release of dower to the subject premises, but the defendant has failed and refused, and continues to fail and refuse, to execute and deliver such conveyance.

"Plaintiff is still ready and willing to pay said purchase money to the defendant in exchange for the defendant's general warranty deed with release of dower to the described property."

Upon these pleadings there was no issue as to the following matters:

(1) The agreement in writing.

(2) That defendant agreed to convey the premises to the plaintiff by a good and sufficient warranty deed with release of dower.

(3) The purchase price of $1,650.

(4) That plaintiff had offered and was still ready and willing to pay the purchase money for the lot.

The time when the plaintiff offered to pay the purchase money to the defendant is not asserted in the petition, but the answer avers that it was not within the period of 30 days from August 2, 1951, the date when the plaintiff avers the contract was made. This is the only issue on the pleadings. The prayer of the petition is for specific performance of the contract, including release of dower.

Considerable argument is indulged whether the agreement between the parties was an option or a memorandum of the sale of real estate. The instrument reads:

"Columbus, Ohio, August 2, 1951,
Edward M. Findley, 1187 Smith R
ould Lot 20, Paid $100
Bal. 30 days—Bal.—$1,550

"John L. Davis, Jr."

This instrument, on its face, indicates that it is a memorandum of a purchase agreement and not an option. The petition so alleges, and the answer so admits. It is obvious that from the written agreement the answer of the defendant went further than the import of the writing, but the defendant was bound by his admissions.

Upon this issue of the time when the plaintiff first informed the defendant of his intention to go through with the purchase agreement, prior to July 31, the plaintiff called the defendant's office and told the person who answered as his secretary that plaintiff would be in to pay the balance as soon as the abstract was checked. The secretary said she would report to the defendant. Whether he received the message does not appear. The next call from the plaintiff's mother on his behalf and probably from him was on September 4, at which time the plaintiff was informed by the defendant that his option had expired. As we compute the time, under Section 1.14, Revised Code, elapsing between the date of the contract, August 2, and the call of September 4, more than 30 days elapsed, not counting Sunday, the second, or Monday, Labor Day, the third. However, the time of payment of the balance of the purchase price was not the essence of the contract. It carried no provision for forfeiture of the down payment if the balance was not paid within the time prescribed. Such a provision was required if defendant is to rely upon it to prevent performance of the contract. 40 Ohio Jurisprudence, 964, Section 54. Then, too, the defendant, with full knowledge of the time provision of the contract, told the plaintiff to come up and that he would go through with the sale. This was an extension of time, if material. Within a reasonable time, probably on September 8, the plaintiff went to the office of the defendant and proposed to complete the transaction and tender the balance of the purchase price, when the defendant again refused to make a deed. Actual tender of the purchase price, either at the time of the first call or the visit on September 8, would have been useless procedure because of the refusal of the defendant to perform.

As a reason for his failure to perform, the defendant stated upon the first call to him, that the time within which plaintiff should exercise his option had elapsed, that that time was to

days, and that he had sold the property to another at a greater price than the amount fixed in the contract between the parties.

It may be fairly said that the defendant was fully informed, during the whole time elapsing between August 2 and September 8, that it was the purpose of the plaintiff to complete the purchase agreement. It is urged that the delay caused by extending the abstract should permit an extension of time within which plaintiff would be required to perform. If such performance was vital to the plaintiff's right to the relief sought, we would not agree with his contention. No such exception is carried into the contract, or does any custom appear which would abrogate an express requirement, if made, as to the time when the balance of the purchase price was to be paid. The examination and report on the extention of the abstract was completed prior to September 1.

Upon the record, the plaintiff has the right to specific performance of the contract.

The extent of the decree must be determined in the light of the fact that, although the defendant admits that he agreed to deliver a warranty deed with release of dower, it does not appear that his wife was a party to the instrument; and she is not a party to the suit. Manifestly, she cannot be bound by any order this court would make requiring release of dower. *Grundstein* v. *Suburban Motor Freight, Inc.*, 92 Ohio App., 181, 107 N. E. (2d), 366. The plaintiff, by averring that the defendant agreed to execute and deliver the deed with release of dower, admits inferentially that he knew the defendant was a married man. He was put on notice that he could not compel defendant's wife to release her dower. Whether the defendant has a wife living does not appear in the testimony.

It is contended by defendant that specific performance of the contract may not be decreed against the husband with an abatement from the purchase price of the value of the inchoate right of dower of the wife if she refuses to join in the execution of the conveyance, inasmuch as the contract contained no stipulation to release her dower and she was not present at the transaction. He cites *Barnes* v. *Christy*, 102 Ohio St., 160, 131 N. E., 352; *People's Savings Bank Co.* v. *Parisette*, 68 Ohio St., 50, 67 N. E., 896, 96 Am. St. Rep., 672; *Lucas* v. *Scott*, 41 Ohio

St., 636; and *Grundstein* v. *Suburban Motor Freight, Inc., supra.* The cited cases do not support the full contention of appellant. The material difference in the facts in the cited cases and in the instant case is that in the cited cases there was no stipulation to convey with release of dower as in the instant case.

In *Barnes* v. *Christy, supra,* the contract for the sale of the real estate made by the owner of the fee contained no stipulation to convey with release of dower by the wife, and there is no showing that the husband so agreed. In *People's Savings Bank Co.* v. *Parisette, supra,* the first paragraph of the syllabus expressly states that there was no provision in the contract to convey with release of dower. There was no contention that the vendor would not make a deed pursuant to his agreement, and the vendee was insisting upon an order for the release of dower, which was beyond the terms of the contract. The court refused to make a reduction in the purchase price for the manifest reason that the purchaser was getting all that he had contracted to receive. In *Grundstein* v. *Suburban Motor Freight, Inc., supra,* Judge Wiseman, writing the opinion for the court, said, at page 194:

"The right to inchoate dower cannot be taken away or barred by any act of the consort."

The same general factual situation as in the foregoing cases was developed in *Lucas* v. *Scott,* 41 Ohio St., 636. In *Sininger* v. *Thurner,* 36 Ohio Law Abs., 422, 424, 44 N. E. (2d), 112, the court, in commenting on the Supreme Court cases heretofore discussed, properly said:

"We do not find an Ohio case in which the vendor expressly agreed to convey free of dower."

In the first paragraph of *Lucas* v. *Scott, supra,* McCauley J., said, page 640:

"The rule is well settled 'that a vendor whose estate is less than or different from that which he agreed to sell, or who cannot give the exact subject matter embraced in his contract, will not be allowed to set up his inability as a defense against the demand of a purchaser who is willing to take what he can get with compensation for that which the vendor cannot convey,' Pomeroy's Specific Performance, Par. 438, * * *."

We find no case from our Supreme Court which holds, un-

der facts comparable to those found here, that there may not be an order of specific performance with an abatement for the value of that interest which the vendor cannot convey.

Under the heading, "specific performance with abatement from purchase price of the value of the wife's dower interest," there are annotations to *Brookings* v. *Cooper*, 256 Mass., 121, 152 N. E., 243, 46 A. L. R., 745, 749; and *Holly Hill Lumber Co.* v. *McCoy*, 203 S. C., 59, 26 S. E. (2d), 175, 148 A. L. R., 285. Conflict of authority is recognized on the subject of the annotations, but in the first note (46 A. L. R., 745, 749) it is said:

"A slight majority, perhaps, of the courts in which the question presented by this annotation has been raised, hold that the rule that a purchaser of land may compel his vendor, who has contracted to sell a larger estate than he actually has, to convey such interest as he is entitled to, with a proportionate abatement from the purchase price, applies where a wife refuses to join in a conveyance of land which her husband has contracted to sell."

In the continuation of the annotation in 148 A. L. R., 285, 292, it is observed that:

"Since publication of that annotation (46 A. L. R., 748), however, the American Law Institute has added its weight in favor of the rule permitting, as an incident of specific performance against the vendor, either an abatement from the purchase price of the value of his wife's unrelinquished dower interest in the property or indemnity against her subsequent assertion of such interest. American Law Institute, Restatement, Contracts, Vol. 2, Section 365, Illustration 4."

In *Caple* v. *Crane*, 10 Ohio App., 461, the court, by a majority, refused to decree specific performance of the contract for the purchase of real estate with the owners thereof, providing for release of dower, the wives not having signed the contract and having refused to release dower, but remitted the plaintiff to his claim for damages for breach of the contract. There was a dissent in that case by Judge Kinkade. We believe the dissent is the better reasoned opinion and are willing, if it is desired, to certify to the Supreme Court that our decree here is in conflict with the judgment in *Caple* v. *Crane, supra.*

The defendant, having agreed to convey the premises with

release of dower, should so perform if he is to receive the full purchase price.

The order in this court is that this cause be remanded to the Common Pleas Court to carry the following decree into execution. The plaintiff, within five days after the remand, if he desires to purchase the property upon the terms herein defined, shall pay to the clerk of the Common Pleas Court the sum of $1,550, the balance of the purchase price due under the contract. If that purchase price is paid into court, the defendant may, within 10 days from the remand, tender a deed conforming to the full terms of the contract, with release of dower, as prayed in the petition, and, upon so doing, the sum of $1,550 shall be paid to him by the clerk of the court. If he fails, within the time fixed, to execute and deliver the deed as heretofore provided, he is then ordered to specifically perform his contract with the plaintiff by executing and delivering a deed with general warranty to the plaintiff for his full interest in the land described in the petition, subject to the dower interest of his wife, and there shall be abated from the purchase price the value of the wife's inchoate right of dower as of the date of the deed. In the event of the failure of the defendant to execute and deliver any deed according to this decree, the clerk of the Common Pleas Court will transmit to the recorder of Franklin County, Ohio, so much of the decree as shall be necessary to show the transfer from the defendant to the plaintiff of title in the premises described in the petition, subject to the right of dower, and the clerk of courts shall then pay to the defendant the balance of the purchase price of $1,550, less the amount retained as the value of the inchoate right of dower of the wife of the plaintiff, and the amount so retained shall be refunded to the plaintiff.

*Judgment accordingly.*

Wiseman, P. J., and Miller, J., concur.