STERLING, Appellee,

v.

WILSON, Appellant, et al.

[Cite as *Sterling v. Wilson* (1993), 86 Ohio App.3d 657.]

Court of Appeals of Ohio,
Preble County.

No. CA92–07–013.

Decided March 8, 1993.

*Robert W. Rettich III,* for appellee.

*David A. Garretson,* for appellant.

---

WALSH, Judge.

Defendant-appellant, Henry C. Wilson ("Wilson"), appeals an order of the Preble County Court of Common Pleas ordering specific performance of a contract to sell real estate.

On September 14, 1990, plaintiff-appellee, Doug Sterling, filed a complaint against Wilson alleging that he and Wilson had entered into an agreement in which Wilson agreed to sell him a fifty-acre parcel of real estate for $80,000. At the time of the signing of the agreement, Sterling tendered to Wilson the sum of $100 to apply to the purchase price. Sterling claimed that Wilson breached the contract by failing to deliver a deed for the property free of encumbrances and the dower rights of Wilson's wife, Mildred,[1] upon tender of the balance of the purchase price of $79,900. Sterling sought specific performance of the agreement, requesting that Wilson be directed to execute and deliver to him a "good and sufficient deed for said property, free from the inchoate dower rights of his wife and free from encumbrances * * *," or if Wilson could not secure the release of his wife's dower rights, that Sterling be allowed an abatement of the purchase price to the extent of the value of the dower rights.

On January 28, 1991, Sterling filed an amended complaint adding defendant-appellee, Kristian Wilson, Wilson's grandson, as a party to the suit. In the amended complaint, Sterling added the additional allegation that the real estate had been fraudulently transferred to Kristian Wilson. As relief, Sterling again sought specific performance of the contract.

After hearing the evidence, the trial court concluded that a valid contract existed between the parties and that the real estate had been fraudulently transferred to Kristian Wilson. On June 27, 1991, the trial court issued an entry which this court found did not constitute a final appealable order. *Sterling v.*

---

1. Mildred Wilson was not named as a party in the complaint and is not a party to this appeal, although she is listed as such in Henry Wilson's brief.

*Wilson* (Apr. 6, 1992), Preble App. No. CA91–07–011, unreported, 1992 WL 68654. On July 17, 1992, the trial court issued another entry wherein it valued Mildred Wilson's contingent dower interest at $3,512. The court then found that in the event Sterling tenders $76,388 to Wilson, Wilson shall execute a deed to Sterling that warrants the property to be free from all encumbrances, interests and liens, with the exception of Mildred Wilson's dower interest.

Wilson has perfected an appeal to this court and in a single assignment of error argues that the trial court erred in ordering specific performance of the contract with an abatement for the value of his wife's dower interest. He argues that while Sterling may have a right of action for damages, the remedy ordered by the court is not appropriate because the deed delivered to Sterling was not free from the dower interest. We agree.

The contract entered into between Sterling and Wilson made no reference to the release of Mildred Wilson's dower interest, nor was the document signed by Mildred Wilson. In an action to enforce the specific performance of a written contract for the sale of real estate made by the owner of the fee, which contains no stipulation to convey with release of dower by his wife, if the wife refuses to release in any way her inchoate right of dower in the land and her refusal is not procured directly or indirectly by her husband, it is error to decree specific performance against the husband with an abatement from the contract price of the prospective value of the wife's dower. *Barnes v. Christy* (1921), 102 Ohio St. 160, 131 N.E. 352, paragraph seven of the syllabus. See, also, *People's Savings Bank Co. v. Parisette* (1903), 68 Ohio St. 450, 67 N.E. 896, paragraph two of the syllabus; *Lucas v. Scott* (1885), 41 Ohio St. 636, paragraphs one and two of the syllabus.

Sterling's reliance on *Findley v. Davis* (1955), 100 Ohio App. 316, 60 O.O. 279, 136 N.E.2d 767, for the proposition that specific performance is available despite Mildred Wilson's outstanding dower interest is misplaced, as *Findley* is factually distinguishable from the instant action. In *Findley*, the vendor contracted to execute and deliver a good and sufficient warranty deed that included a release of dower. Here, the contract contained no such release. On the basis of the aforementioned, the sole assignment of error is well taken and hereby sustained.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

The majority, in reversing the trial court, sets forth a proposition of law with which I cannot agree, and therefore I dissent.

Appellant/vendor herein executed a written agreement to sell his interest in his farm to appellee/vendee upon the payment of the agreed purchase price. Vendor reneged on his agreement, and vendee had an option to seek damages for breach of contract or for specific performance of the contract. Vendee elected to obtain all of vendor's title to the property and sought specific performance of the contract even though vendor's spouse had a inchoate right of dower.

Vendor may not defeat his obligations under the contract by his inability to convey his title free of his spouse's prospective interest in the property. While the law will not destroy the spouse's interest, it has established the means to determine the value of such interest. In this cause, vendor and his spouse colluded to avoid the agreement and "save the farm." The trial court properly relied upon the logic and rationale of *Findley v. Davis, supra.*

The majority factually distinguishes *Findley* in order to allow the vendor to avoid his contractual obligation on the basis that he could not deliver unblemished title. The authorities cited by the majority from 1885, 1903, and 1921 and the applicability to this cause need to be revisited.

Although I may have misgivings concerning the trial court's effort to prospectively resolve the vendee's problems in obtaining financing and satisfying his obligations under the contract, I nevertheless would affirm the trial court's order of specific performance of the contract subject to the interest of the spouse, if any.