OPINION
Appellant, Bernard J. Weithman, appeals the March 4, 2002 judgment entries of the Common Pleas Court of Crawford County, Ohio, granting summary judgment in favor of Appellees, Patsy Weithman and Dollayne Weithman, and dismissing Appellees, Charles Weithman and Gerard Weithman.
In 1973, brothers Bernard, Charles, and Gerard Weithman purchased a parcel of land in Crawford County, Ohio, as tenants in common. At the time of the real estate purchase, Charles was married to Patsy, and Gerard was married to Dollayne. However, only the names of each of the brothers were listed on the deed as the grantees. On May 31, 1979, the brothers entered into a written partnership agreement with one another "under the name of Weithman Brothers, Ltd., to engage in the business heretofore conducted by the parties, which is the investment in real estate[.]" Through the years the brothers created other businesses and changed the business name of Weithman Brothers, Ltd. to that of Weithman Rentals, an Ohio General Partnership. During these years, the brothers also purchased various parcels of land and built buildings on the land purchased in 1973.
The Weithman brothers conducted their partnership until 1996, when Bernard bought the interests of his brothers. The purchase agreement between the brothers provided that Charles and Gerard would sell their interest in the brothers' businesses to Bernard for a certain amount, and Bernard would assume all debts and hold his brothers harmless thereon. After the sale, Bernard continued running the business. However, in 2001, Bernard discovered that the parcel of land purchased by the brothers in 1973, remained titled in the name of all three brothers and had not been transferred solely to him. Charles and Gerard were contacted about this but refused to transfer the deed to Bernard. In addition, Patsy and Dollayne claimed a dower interest in this land.
Bernard filed a complaint against both of his brothers and their wives on August 6, 2001, alleging that the land in question was purchased as part of the business of the partnership and that his brothers breached the purchase agreement by not transferring the deed to this land to him. The prayer for relief requested that the brothers sign a deed transferring their interests in the land to Bernard or that the court declare that the two brothers have no interest in this land. In addition, Bernard requested that the court determine that the wives did not have any dower interest or order Charles and Gerard to pay damages to him equal to the amount he would have to pay the wives if it were determined that the wives have a dower interest. On August 14, 2001, Bernard also filed a notice to the court that he had made several discovery requests of the defendants.
Charles and Gerard filed an answer to the complaint on October 10, 2001, admitting that "it was their intention to transfer over to [Bernard] the real estate set forth in the Complaint[.]" They also agreed to submit a quitclaim deed to the land in question. However, they further alleged that they had no knowledge that their wives were ever requested to release their dower interest in the property, that the subject property was purchased in the individual names of the brothers, and that this property was purchased prior to the creation of Weithman Rentals, an Ohio General Partnership. The wives also filed an answer, stating that they were not parties to the purchase agreement between their husbands and Bernard and that they never agreed to relinquish their dower interests in this property.
Nine days after filing their answer, both Dollayne and Patsy Weithman filed motions for summary judgment. In addition, Gerard and Charles both signed a quitclaim deed to the land, thereby conveying their interests in this land to Bernard, and filed a motion to dismiss. Bernard filed his opposition to these motions and informed the court that none of the defendants ever provided the requested discovery to him. Despite the failure of the parties to respond to the discovery requests, the trial court granted the motions for summary judgment in favor of Patsy and Dollayne and granted the motion to dismiss Charles and Gerard after ordering that the quitclaim deed be delivered to Bernard. This appeal followed, and Bernard now asserts three assignments of error.
 "THE TRIAL COURT ERRED BY GRANTING DEFENDANTS'/APPELLEES' MOTION FOR SUMMARY JUDGMENT AND AWARDING PATSY AND DOLANE WEITHMAN A DOWER INTEREST IN THE PROPERTY AT ISSUE.
 "THE TRIAL COURT ERRED BY GRANTING THE DEFENDANTS'/APPELLEES' MOTION FOR SUMMARY JUDGMENT AND FINDING THAT CHARLES AND GERARD WEITHMAN DID NOT MAKE FALSE AND MISLEADING STATEMENTS CONCERNING THE ISSUE OF DOWER TO BERNARD J. WEITHMAN.
 "THE TRIAL COURT ERRED BY GRANTING THE DEFENDANTS'/APPELLEES' MOTION FOR SUMMARY JUDGMENT EVEN THOUGH DEFENDANTS/APPELLEES HAD NOT RESPONDED TO PLAINTIFF'S/APPELLANT'S DISCOVERY REQUESTS."
As these assignments of error relate, this Court will address them together.
The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Thus, such a grant will be affirmed only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" Civ.R. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988),38 Ohio St.3d 112, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,360. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be entered against him." Id.
The respective wives of Charles and Gerard claim that they have a dower interest in the land purchased in 1973, by their husbands and Bernard as tenants in common, which they never agreed to relinquish. When a married man conveys land to another, the seller's spouse must also sign the conveyance in order for the buyer to obtain a clear title. See Sterlingv. Wilson (1993), 86 Ohio App.3d 657, 659; R.C. 5301.01. However, the law does not compel the seller's spouse to relinquish her dower interest. Sterling, 86 Ohio App.3d at 659. In addition, unless the seller contracts to execute and deliver a good and sufficient warranty deed that includes a release of dower, a court cannot "decree specific performance against the husband with an abatement from the contract price of the prospective value of the wife's dower" or order the husband to pay the cost of obtaining the wife's release of her dower interest. Id. (citations omitted); see also Barnes v. Christy (1921), 102 Ohio St. 160,174-175.
Neither side disputes that the deed to the land was titled in the names of the three brothers nor do they dispute that the wives were not parties to the purchase agreement and neither ever agreed to relinquish any dower right. However, Bernard maintains that the brothers conducted business as a partnership prior to the 1979 written agreement and that the land in question was purchased in 1973, with partnership funds as a partnership asset. Revised Code section 1775.24(B)(5) states that "[a] partner's right in specific partnership property is not subject to dower[.]" Thus, if the land in question is a partnership asset, then the wives would have no dower interest, and their signatures on the purchase agreement were unnecessary.
Both Charles and Gerard submitted their personal affidavits in support of the motion to dismiss and in support of the motions for summary judgment. Charles and Gerard both attested to the fact that the three brothers were known as Weithman Masonry Construction "a partnership" at the time the land was purchased in 1973, but that the land was not purchased as a partnership asset. They further attested that the partnership was formed on May 31, 1979. However, Bernard also submitted his personal affidavit, which states that the brothers were partners at the time that the land was purchased and that the land was treated as a partnership asset. Bernard further attested that the land was purchased by the partnership, all of the expenses associated with the property were paid by the partnership, and the brothers equally divided the profits derived from the property. A partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit and includes such an association that has limited liability." R.C. 1775.05(A). However, the Revised Code does not require a written agreement in order for a partnership to exist, and there is no bright line rule for determining the existence of a partnership. See Estate of Holmes, ex relWebb v. Ludeman (Oct. 5, 2001), Lucas App. No. L-00-1294, 2001 WL 1198638, at *7. Although there is no bright line test, the Revised Code list various factors to consider when determining the existence of a partnership, such as profit sharing or the sharing of gross returns. R.C. 1775.06.
While Charles and Gerard admit in their affidavits that the three brothers were known as "a partnership," they also maintain that the partnership did not form until May 31, 1979, when the written agreement was executed. Thus, the affidavits of Charles and Gerard as to the dates of the existence of the partnership are inconsistent. Despite the inconsistencies of his brothers, Bernard maintains that the partnership between the three brothers was in existence prior to and at the time that the land was purchased, that the land was purchased for the partnership, and that the brothers acted as partners by sharing equally in the net profits of the businesses and being able to individually bind the businesses. Both the inconsistencies in the affidavits of Charles and Gerard and the attestations made by Bernard demonstrate that a genuine issue of material fact exists as to whether the partnership existed at the time that the property was purchased.
However, our inquiry does not end there. If a partnership between the three brothers existed at the time of the purchase of the real estate in question, then the court must next determine whether the land constitutes personal property or partnership property, as previously stated, to determine whether the wives have any dower interests. The Revised Code provides that "[a]ll property * * * acquired by purchase or otherwise, on account of the partnership, is partnership property." R.C. 1775.07(A). In addition, "[u]nless the contrary intention appears, property acquired with partnership funds is partnership property." R.C. 1775.07(B).
In support of their assertion that the land was not partnership property, Charles and Gerard rely on the fact that the deed was titled in the names of the brothers, individually, and that the written partnership agreement states that the land was held as tenants in common by the brothers. However, this court has determined that "partnership property may be held either in the name of the partnership or in the individual name of a partner or partners." Fisher v. Fisher (July 9, 1997), 3rd Dist. No. 12-96-13, 1997 WL 407853, at *4 (citing R.C. 1775.09). Moreover, the written partnership agreement also states that the parties wanted "to engage in the business heretofore conducted by the parties," which no party disputes involved the purchasing of real estate. Furthermore, Bernard provided in his affidavit that the property was purchased with partnership funds, was never treated as an individual asset, and that all expenses associated with the land were paid with partnership funds. In addition, Bernard stated that the brothers agreed during the buy-out that all real estate parcels involved were partnership assets. Given these conflicting statements, a genuine issue of material fact exists as to whether the land in question was a partnership asset or an individual asset. Therefore, summary judgment in favor of the wives, Patsy and Dollayne Weithman, should not have been granted.
However, unless the seller contracts to execute and deliver a good and sufficient warranty deed that includes a release of dower, a court cannot "decree specific performance against the husband with an abatement from the contract price of the prospective value of the wife's dower" or order the husband to pay the cost of obtaining the wife's release of her dower interest. Sterling, 86 Ohio App.3d at 659; Barnes,120 Ohio St. at 174-175. This rule of law is not without it limits. See Barnes, supra;People's Savings Bank Co. v. Parisette (1903), 68 Ohio St. 450; Lucas v.Scott (1885), 41 Ohio St. 636. Here, Bernard alleges in his affidavit that his brothers, who were both represented by counsel during the buy-out of the partnership, fraudulently told him that the signatures of Patsy and Dollayne were unnecessary for the buy-out because it concerned only partnership property. Thereafter, Bernard continued the business, paying all necessary expenses of the property. In addition, neither the brothers or their wives acted as if the property belonged to them after the buy-out until five years later when they were made aware that the deed had not been transferred. Hence, Bernard alleges that his brothers breached the contract to convey clear title due to their fraudulent act of telling him that the property was a partnership asset unrelated to the wives but now asserting that it was a personal asset of the brothers. Thus, a genuine issue of material fact exists as to the breach of contract, and the brothers should not have been dismissed. Accordingly, all three assignments of error are sustained.
For these reasons, the judgments of the Common Pleas Court of Crawford County, Ohio, are reversed, and the cause is remanded to that court for further proceedings in accord with the law and consistent with this opinion.
Judgment reversed and cause remanded.
BRYANT and WALTERS, J.J., concur.