OPINION
{¶ 1} Defendants-appellants, Greg and Leslie Blum, appeal from a Mahoning County Common Pleas Court decision ordering specific performance of a real estate contract with plaintiff-appellee, Dave Sugar.
 {¶ 2} Sometime in 1998, real estate agent Steve Chaszeyka contacted appellant[1] regarding appellant's interest in selling 36 acres of land he owned in Springfield Township. Appellant told Chaszeyka he would be interested in selling the property. After discussions on the property's value, the two agreed it was worth $1,000 per acre. Appellant advised Chaszeyka that he wanted a "clean sale," i.e., he did not want to hold any paper.
 {¶ 3} Approximately a week later, Chaszeyka informed appellant he had an offer of $30,000, holding paper. Appellant rejected the offer and reiterated to Chaszeyka that he wanted $36,000 cash for the property. Shortly thereafter, Chaszeyka informed appellant that he received an offer for $36,000, but it was not for cash. Chaszeyka told appellant he would never find a cash buyer. Appellant then agreed to the terms.
 {¶ 4} Chaszeyka faxed appellant a Real Estate Purchase Contract (REPC). Appellant signed this document and faxed it back to Chaszeyka.
 {¶ 5} A few days later, appellant was informed that he should contact John Richardson regarding an offer. Richardson told appellant that he had expected a counter offer from appellant after he had made a $30,000 offer and was prepared to offer him $36,000 cash for the property. Appellant informed Chaszeyka of this, but Chaszeyka told appellant he believed Richardson did not have the money. Chaszeyka asked appellant if he would accept a counter offer from appellee for $2,000 more than what Richardson offered. Appellant thought that things started to "smell" and failed to follow through with the REPC.
 {¶ 6} Appellee filed a complaint on March 22, 1999, against appellants alleging he entered into a purchase agreement to buy certain real estate from appellants and appellants refused to follow through with the contract. He sought specific performance of the contract and damages. Along with an answer, appellants filed a third party complaint naming Steve Chaszeyka and his business, Suburban Realty (Suburban), as defendants. Appellants alleged that Chaszeyka, acting within the scope of his duties for Suburban, breached his fiduciary duties by failing to convey an offer to purchase the real estate and by falsely representing that appellee was the only prospective buyer, and that Chaszeyka made false representations of fact upon which appellant relied.
 {¶ 7} The case proceeded to a bench trial on July 2, 2002. The trial court found that a valid contract existed between appellant and appellee whereby appellant agreed to sell his 36 acres of real estate to appellee for $36,000, plus interest. The court further found there was no evidence that Chaszeyka or Suburban breached any fiduciary duty to appellant, nor was there any evidence that Chaszeyka engaged in any fraudulent behavior. Therefore, the court awarded specific performance to appellee on the REPC and awarded judgment in favor of Chaszeyka and Suburban.
 {¶ 8} Appellants filed their timely notice of appeal on December 12, 2002. They also filed a motion in the trial court for a stay of its judgment pending this appeal. Appellee consented to a stay.
 {¶ 9} Appellants raise two assignments of error, the first of which states:
 {¶ 10} "The trial court erred in granting specific performance of the purported contract to purchase real estate."
 {¶ 11} Appellant argues that he never entered into a binding contract with appellee. He alleges that the terms of the REPC were not definite and complete. He points out many items that are absent from the REPC which he contends were necessary for it to constitute a binding contract including: (1) the addresses of the parties; (2) a legal description of the property; (3) a statement of the due date of the installment payments; (4) a statement of the method for computing interest; (5) a statement of encumbrances; (6) a statement regarding responsibility for taxes and charges; and (7) a statement regarding insurance. Appellant notes that R.C. 5313.02 governs land contracts. This section provides the requirements for a land contract and includes such items as the full names and mailing addresses of all parties, a legal description of the property conveyed, the amount and due date of each installment payment, and the method of computing interest. R.C. 5313.02(A)(1)(3)(8)(9). Appellant concedes that these requirements apply only to land sales that include a dwelling. However, he argues that they offer guidance when applying the usual rules for determining whether a contract for the sale of land is sufficiently definite to be enforced.
 {¶ 12} Appellant also suggests that because the REPC states that its terms are subject to obtaining an installment contract, it was not a binding agreement. He contends the term "installment contract" is not clear, arguing it could mean different things for example, a note and a mortgage or a land installment contract.
 {¶ 13} To prove the existence of a contract, a party must establish the essential elements of a contract: (1) an offer; (2) an acceptance; (3) a meeting of the minds; (4) an exchange of consideration; and (5) certainty as to the essential terms of the contract. Juhasz v. Costanzo (2001), 144 Ohio App.3d 756, 762.
 {¶ 14} Clearly, there is no dispute in this case that there was an offer, acceptance, and consideration. Appellee offered appellant $36,000 plus interest with $6,000 down to be paid in five payments of $7,121.89 with an installment contract. (Plaintiff's Exh. 2). Appellee also made an earnest money deposit of $500. (Plaintiff's Exh. 2). Furthermore, appellant admitted that when he signed the REPC, he accepted it. (Tr. 157). Thus, we must determine whether a meeting of the minds and certainty as to essential terms exist.
 {¶ 15} Upon examining the REPC, which is a standard form contract used by the Youngstown Columbiana Association of Realtors, we find the following essential terms. The buyer's name is David Sugar. He signed the REPC on January 5, 1999. Appellee's offer was valid until January 8, 1999. The seller's name is Greg Blum. He also signed the REPC on January 5, 1999. Appellee agreed to pay $36,000 plus interest as set out above. The property is described as lot numbers 19, 36, 20, 13, 15, 7, 16, 21, 8, 17, 14, 6, and 7, with the total being 14 lots. Notably, only 13 lots are listed. The property is further described as "36 acres more or less." The property's location is listed as the State of Ohio, Mahoning County, Petersburg, and Springfield Township. It states that the deed shall be held in escrow. The REPC further states that the deed shall be delivered to appellee at recording. Additionally, the REPC contains language stating that it is a contract. It contains phrases such as, "Buyer agrees to buy and the undersigned Seller agrees to sell," "Upon acceptance this offer shall become a complete agreement binding upon and inuring to the benefit of Buyer and Seller," and "shall be deemed to contain all the terms and conditions agreed upon" along with numerous references to it as a "contract." These items demonstrate that when appellant signed the REPC he and appellee had a meeting of the minds on all of these terms.
 {¶ 16} As the trial court correctly noted, the R.C.5313.02(A) requirements apply only to land improved by a dwelling. The property at issue is unimproved land. R.C.5313.01(B) provides that as used in R.C. 5313., "property" means "real property located in this state improved by virtue of a dwelling having been erected on the real property." Thus, the items listed in R.C. 5313.02(A) do not apply to the REPC. But we must still determine whether there was certainty as to the essential terms.
 {¶ 17} Certainty exists as to the REPC's essential terms, i.e., (1) 36 acres more or less located in Petersburg, Springfield Township in Mahoning County, Ohio; (2) lot numbers 19, 36, 20, 13, 15, 7, 16, 21, 8, 17, 14, 6, and 7; (3) the purchase price of $36,000, with a down payment of $6,000; (4) five payments of $7,121.89 for a total of $35,609.45; and (5) the buyer and the seller. The fact that the REPC states that there are 14 lots total and only 13 are listed is not essential. The realtor could have simply counted wrong and the description states 36 acres "more or less." Additionally, no matter what title the parties call their agreement, i.e., a "land contract," an "installment contract," or a "land installment contract," the agreement is clear. The deed will be held in escrow until it is recorded. Appellee will make five payments of $7,121.89 each. By doing the math, we find the only way the payments work out to this amount is by making payments and computing the interest yearly.[2]
 {¶ 18} Next, appellant argues that appellee's own actions demonstrate the REPC is not definite enough to enforce. He points out that in appellee's motion for summary judgment, appellee argued that the REPC called for the execution of a land contract. Appellant states that appellee's counsel even prepared a land contract and forwarded it to him for signature. However, appellant continues, at trial appellee argued that the REPC was an installment contract. This argument is not well taken. We need not look to the parties' actions after they signed the REPC, because we are able to determine a contract exists and see its essential terms within the REPC's four corners.
 {¶ 19} Finally, appellant argues that because his wife never signed the REPC, the court could not award specific performance because she never released her dower rights. Thus, appellant argues, he could not deliver clear title.
 {¶ 20} When a married person sells land to another, the seller's spouse must also sign the conveyance in order for the buyer to obtain a clear title. Weithman v. Weithman, 3d Dist. No. 3-02-08, 2002-Ohio-3400, at ¶ 13. However, when the seller contracts to execute and deliver a good and sufficient warranty deed that includes a release of dower, a court can order specific performance against the seller. Id.; Sterling v. Wilson (1993),86 Ohio App.3d 657, 659. This court faced a similar situation inWalkana v. Hanna (Oct. 28, 1988), 7th Dist. No. 87 C.A. 174. InWalkana, the trial court ordered that the appellees/buyers were entitled to specific performance on a purchase agreement with the appellant/seller. The appellant/seller argued that the purchase agreement was legally deficient because her husband, the owner of a dower interest in the property, did not sign the agreement. This court stated no testimony established that the appellant/seller was married. We noted that in the purchase agreement, the appellant/seller agreed to give the appellees/buyers good and sufficient deed and title free of all encumbrances. We concluded that if it turned out that the appellant/seller was married, it then followed that, "by her execution of the purchase agreement she was and is bound to convey the subject real estate to the appellees with a release of the inchoate dower of her husband if she has one and, upon her failure to obtain this release of dower, she could be left open to an action for damages in the appellees' favor." Id., citingMcCarty v. Lingham (1924), 111 Ohio St. 551, at paragraph two of the syllabus.
 {¶ 21} In this case, the REPC specifies that appellant shall convey to appellee, "marketable title in fee simple by transferable and recordable general warranty deed, with releaseof dower, if any." (Emphasis added.) Furthermore, we know appellant is married because his wife is a party to this action. Thus, the trial court was able to order specific performance of the REPC.
 {¶ 22} Accordingly, appellants' first assignment of error is without merit.
 {¶ 23} Appellants' second assignment of error states:
 {¶ 24} "The finding of the trial court that third party defendants steve chaszeyka and suburban real estate were not liable to appellants for fraud and breach of fiduciary duty, was unsupported by the evidence, against the manifest weight of the evidence and contrary to law."
 {¶ 25} Appellant contends the trial court's finding in Chaszeyka's and Suburban's favor is against the manifest weight of the evidence. He contends Chaszeyka acted as a dual agent for him and appellee without disclosing this fact to him in violation of R.C. 4735.71. Appellant alleges this failure to disclose was a breach of Chaszeyka's fiduciary duty to him. Appellant also argues that the evidence demonstrated that Chaszeyka failed to convey Richardson's offer to him and failed to return phone calls made by Richardson's realtor regarding appellant's property. He alleges Chaszeyka violated a realtor's duty to fully disclose facts known to him that are material to the transaction. Citing,Allison v. Cook (2000), 139 Ohio App.3d 473.
 {¶ 26} In reviewing the trial court's decision, this court is guided by the principle that a judgment supported by some competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 280. Furthermore, in considering whether the judgment is against the manifest weight of the evidence, it is important that this court be guided by a presumption that the findings of the trier of fact are correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77,80. A reviewing court should give every reasonable presumption in favor of the trial court's judgment and findings of fact.Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. "The trial court is entitled to make its own determination as to the weight of the evidence and, more important, credibility of the witnesses because it is in the best position to observe the witnesses' gestures and voice inflections." Rogers v. Hill (1998),124 Ohio App.3d 468, 470.
 {¶ 27} Appellant asserted claims for breach of fiduciary duty and fraud against Chaszeyka and Suburban.
 {¶ 28} A realtor, acting within the scope of his or her agency, owes the seller common law fiduciary duties of disclosure, good faith, and loyalty. Whaley v. Zyndorf/Serchuk,Inc., 6th Dist. No. L-01-1295, 2002-Ohio-2640, at ¶ 8; IrongateRealtors, Inc. v. Thomas (Feb. 27, 1998), 2d Dist. No. 97 CA 58;Case v. Business Centers, Inc. (1976), 48 Ohio App.2d 267, 270. To succeed on a claim of breach of a fiduciary duty, the plaintiff must prove the existence of a duty arising from a fiduciary relationship, a failure to observe the duty, and an injury resulting proximately therefrom. Culbertson v. WigleyTitle Agency, Inc., 9th Dist. No. 20659, 2002-Ohio-714; Strockv. Pressnell (1988), 38 Ohio St.3d 207, 216. A realtor also owes the seller statutory fiduciary duties found in R.C. 4735.01, et seq. R.C. 4735.62.
 {¶ 29} To prevail on a cause of action for fraud, the plaintiff must prove: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance.Geo-Pro Serv., Inc. v. Solar Testing Laboratories, Inc. (2001),145 Ohio App.3d 514, 526.
 {¶ 30} The trial court found no evidence existed that Chaszeyka or Suburban knew that Richardson was prepared to offer more than $30,000, or that he was willing to offer cash to buy the property. It stated that absent evidence of this type, appellant's claims for breach of fiduciary duty and fraud must fail. The court did note that Chaszeyka failed to complete a dual agency disclosure as required by R.C. 4735.71, and that he may be subject to penalties because of this failure. However, it found that Chaszeyka's failure to disclose did not negate the contract between appellant and appellee, nor did it rise to the level of a breach of fiduciary duty.
 {¶ 31} The trial court is correct, with respect to appellant's fraud claim. Victoria Wiery, Richardson's realtor, testified Richardson was surprised and angry that he did not receive a counteroffer from appellant after he submitted his $30,000 offer. (Tr. 114). But she never testified that she submitted another offer before appellant accepted appellee's offer. Furthermore, Chaszeyka could not be expected to read Richardson's or Wiery's minds. Wiery testified that she tried to contact Chaszeyka and could not reach him. (Tr. 113). But again, she never testified that she conveyed another offer from Richardson to Chaszeyka before appellant accepted appellee's offer. Thus, Chaszeyka did not know that Richardson wanted to offer $36,000 cash until after appellant accepted appellee's offer. Chaszeyka should not be said to have committed fraud for failing to convey an offer he was not aware of.
 {¶ 32} However, appellant's breach of fiduciary duty claim requires further analysis. R.C. 4735.62 provides, in pertinent part:
 {¶ 33} "In representing any client in an agency or subagency relationship, the licensee shall be a fiduciary of the client and shall use the licensee's best efforts to further the interest of the client including, but not limited to, doing all of the following:
 {¶ 34} "* * *
 {¶ 35} "(D) Performing all duties specified in this chapter in a manner that is loyal to the interest of the client;
 {¶ 36} "(E) Complying with all requirements of this chapter and other applicable statutes, rules, and regulations, * * *."
 {¶ 37} R.C. 4735.71(A) specifically provides that, "no licensee or brokerage shall participate in a dual agency relationship * * * unless both the seller and the purchaser in the transaction have full knowledge of the dual representation and consent in writing to the dual representation on the dual agency disclosure statement described in section 4735.73 of the Revised Code." Before a licensee can obtain the consent of any party to a dual agency relationship, the licensee must disclose to both the purchaser and seller all relevant information necessary to enable them to make informed decisions as to whether to consent to the dual agency relationship. R.C. 4735.71(A). Furthermore, R.C. 4735.71(B) provides:
 {¶ 38} "The brokerage shall make the dual agency disclosure to both the seller and purchaser as soon as practicable after it is determined that such dual agency may exist. The parties to the real estate transaction shall sign and date the dual agency disclosure statement in a timely manner after it is determined that a dual agency relationship exists. The form must be signed and dated prior to the signing of any offer to purchase or lease the real estate that is the subject of the transaction."
 {¶ 39} Although he stated that while he believed he faxed appellant a dual agency form, Chaszeyka admitted that he never secured a signed listing agreement from appellant. (Tr. 28). Additionally, appellee testified that Chaszeyka never gave him a disclosure form. (Tr. 75). Chaszeyka and Suburban clearly breached the statutory duty owed to their clients under R.C.4735.71.
 {¶ 40} But whether appellant suffered any damages as a result is questionable. Appellant testified that when Chaszeyka presented him with appellee's offer for $36,000 holding paper, he told Chaszeyka he wanted to try to get a cash offer. (Tr. 142). Chaszeyka advised him that he was not going to be able get cash in this market because it just was not done. (Tr. 142). Appellant stated that since Chaszeyka was the realtor, he trusted him and decided to move on with the deal. (Tr. 142). While one could argue that Chaszeyka pushed the sale with appellee because he would receive the commission from both ends of that sale, the evidence does not seem to prove this theory.
 {¶ 41} Furthermore, appellant argues Chaszeyka did not convey Richardson's $30,000 offer to him until sometime in mid-February, after he had already signed the REPC. However, this argument is contradicted by appellant's own testimony. Appellant testified that sometime before Chaszeyka presented him with the REPC, he informed him of two offers of $30,000, both holding paper, which he turned down. (Tr. 141-42).
 {¶ 42} Thus, the trial court's judgment is not against the weight of the evidence. Consequently, appellant's second assignment of error is without merit.
 {¶ 43} For the reasons stated above, the trial court's decision is hereby affirmed.
Judgment affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs. See concurring opinion.
[1] When referring to Greg Blum alone, we use the term "appellant." When referring to Greg and Leslie Blum, we use the term "appellants."
[2] We begin with a principal balance of $30,000 ($36,000-$6,000 down payment). The principal balance of $30,000 times 6% interest equals $1,800. Subtracting the $1,800 interest payment from the first payment of $7,121.89, results in a principal reduction of $5,321.89. Subtracting $5,321.89 from the principal balance of $30,000 gives a new principal balance of $24,678.11. By repeating these steps the second year, we multiply the principal balance by 6% and get $1,480.69 in interest. Subtracting the $1,480.69 interest from the $7,121.89 payment, gives a principal reduction of $5,641.20 and new principal balance of $19,036.91. Repeating this process for the final three payments, results in a balance of $0.01 at the end of five years. (See appellee's brief, fn. 3).